CASE 57—ACTION FOR MANDAMUS—MAY 4.

# Bank of Commerce of Louisville v. Stone, Auditor,

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

TAXATION—RECOVERY OF TAXES IMPROPERLY PAID—FAILURE TO MAKE DEMAND WITHIN TIME PRESCRIBED—DECISION OF COURT AS EXCUSE FOR SUCH FAILURE.

Held:  1. Under Kentucky Statutes, secs. 162, 163, requiring the Auditor to issue his warrant for money improperly paid into the

State Treasury as taxes provided application therefor is made within two years from the time such payment was made, plaintiff was entitled to a mandamus to compel the Auditor to issue his warrant for money thus paid, where application for the warrant was made within the time prescribed.

2. Where a bank which paid money into the State Treasury as taxes, supposing that it had the right to do so, in lieu of county and city taxes, delayed for more than two years to make application to the Auditor to issue his warrant for the repayment of the money, relying upon a decision of the Court of Appeals to the effect that such payments by other banks similarly situated were proper, it lost the right to demand such a warrant, though that decision was overruled after the lapse of the two years, as the decision was not a "lawful restraint," within the Kentucky Statutes, sec. 2544, providing that, in all cases where the doing of an act necessary to save any right or benefit is restrained or superseded by injunction or other "lawful restraint," the time covered by the injunction or restraint shall not be estimated in the application of any statute of limitations.

DODD & DODD, ATTORNEYS FOR APPELLANT.   JOHN W. RODMAN, OF COUNSEL.

1. That when it shall be made to appear to the Auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, it is made the statutory duty of the Auditor to issue his warrant on the treasury for such money so improperly paid in behalf of the persons who paid the said taxes, provided that, independent of such mistaken payment, the whole tax due by such person has been paid; and provided, further, that application be made by such person to said Auditor for such reimbursement within two years from the time when the right to do so first accrued. Kentucky Statutes, sections 162 and 163; Cooley on Taxation, (2d Ed.), pages 804, etc.; 36 Ind., 175, Shoemaker v. Grant.

2. In this case $14,000.00 were confessedly improperly exacted of and collected from appellant by the Auditor, which amount is made up of payments made as follows:

November 12, 1895, overpayment for 1893 (being the difference between 42½ and 75 cents) .............$2,600.00

November 12, 1895, overpayment for 1894 (being the difference between 42½ and 75 cents) ............ 2,600.00

July 3, 1895, overpayment for 1895 (being the difference between 42½ and 75 cents) ................ 2,600.00

July 3, 1896, overpayment for 1896 (being the difference between 42½ and 75 cents) ................ 2,600.00

July 26, 1898, overpayment for 1897 (being the differ-
ence between 52½ and 75 cents) ..................$1,800.00

July 26, 1898, overpayment for 1898 (being the differ-
ence between 52½ and 75 cents) ................. 1,800.00

The first four of these payments were demanded and made pur-
suant and according to the decision of this court, rendered on
June 1, 1895 (97 Ky., 590), and while that decision was in full
force and the controlling guide to appellee. The last two pay-
ments were demanded and made pursuant and according· to the
decree of June 4, 1898 (88 Fed. Rep., 398), and while it was in
full force and effect.

None of these overpayments were voluntarily made. All
parties acted in good ·faith and accordingly as directed by law-
ful and unsuperseded judgments. Now, because the U. S. Su-
preme Court, ultimately, on May 15, 1899, reversed these ju-
dicial determinations and dissolved the previous injunctions, and
in view of the fact that there was no supersedeas, instead of this
being against us, we think it is conclusive evidence that the
statute of limitation did not begin to run against appellant
for the restitution of such taxes improperly paid until May 15,
1899, because, until after that date, the appellant, in this case,
and the appellee in that case, had no right to apply to the
Auditor for the restitution of any of the said taxes. It may,
therefore, be conceded that both the appellee and appellant
acted in strict obedience to the judicial determinations of this
much-mooted and variously-decided controversy at all of the said
times of payment; nevertheless it is also conceded that the high-
est court of this great country was appealed to by this identical
appellee, and at his instance, it decided that these $14,000.00
were erroneously, improperly, and illegally exacted and col-
lected. Hence this is an exceptional case, and the statute of
two years' limitation did not begin to run until May 15, 1899,
and does not bar appellant as to any of the said overpaid taxes.
Cooley on Taxation, (2d Ed.), p. 804, &c.; Commonwealth v.
The Banks, 97 Ky., 590; ·Bank of Commerce v. Stone, Auditor,
88 Fed. Rep., 398; Stone, Auditor v. Bank of Commerce, 174 U.
S., 412; Deposit Bank v. Daviess County, 19 Ky. Law Rep., 248;
Henderson Nat. Bank v. City of Henderson, 19 Ky. Law Rep., 728.

3. Among the exceptions to the operation of the statute of limita-
tions, recognized by the text-writers and judicial precedents,
there is one which applies to this case, to-wit, that the operation
of the statute is superseded by incapacities created by act of the
law. This exception arises out of the necessity of the case, and
occurs whenever, by act of law, one party is forbidden to sue
or the other is made incapable of being sued to enforce the differ-

Bank of Commerce of Louisville v. Stone, Auditor.

ence between the rate of taxation fixed in the Hewitt Act of May 17, 1886, and the rate fixed in the general act of November 11, 1892. This incapacity existed, in this case, as to all of the said excessive payments until May 15, 1899, because none of them were made except in obedience to the unsuperseded judgments of courts of competent jurisdiction, and could not have been reclaimed until after the reversal of May 15, 1899. Kentucky Statutes, secs. 2535 and 2544; Civil Code, sub. sec. 2 of sec. 761; Kane v. Pilcher, 7 B. Mon., 654; Hays v. Griffith, 85 Ky., 375; Gregory v. Litsey, 9 B. Mon., 43; Dickerson v. Morgan, 8 Dana, 130; Buswell on Limitations, sec. 131; Cavanaugh v. Britt, 90 Ky., 277; N. W. Mutual Life Ins. Co. v. Barbour, 96 Ky., 131; Biggs v. Lex. & Big Sandy R. R. Co., 79 Ky., 477; Selden v. Preston, 11 Bush., 201. Powers v. C. & O. R. R. Co., 169 U. S., 101.

4. In no event can the Auditor avoid making restitution of the $3,-600.00 paid on July 26, 1898, as those two excessive and improper payments of $1,800.00 each were made within much less than two years before the institution of this action. That the said amount of taxes were not in fact due, and were improperly and wrongfully collected, and that the two years' limitation does not, in any contingency, apply to them is admitted. Therefore, even if they were voluntarily and mistakenly paid, when not in fact due, it was still the plain and manifest duty of the Auditor to issue his warrant to appellant therefor. If sections 162 and 163, Kentucky Statutes, mean anything, they certainly sustain this point.

5. Mandamus is the appropriate remedy. It was the plain and manifest ministerial duty of the appellee as Auditor, accordingly as enjoined by statute, to issue his warrants to appellant on the treasury for these taxes wrongfully collected, at least to the extent that such payments were made within two years before June 30, 1899. This is an action to compel him to perform that wholly neglected duty, and the lower court erred in dismissing appellant's petition. Civil Code, sec. 477; Auditor v. Adams, 13 B. Mon., 151; Haly v. Auditor, 4 Bush, 490; Auditor v. Haycraft, 14 Bush, 284; Lindsey v. Auditor, 3 Bush, 231; Board of Trustees v. Auditor, 80 Ky., 336; Auditor v. Halbert, 78 Ky., 577; Merrill on Mandamus, secs. 105 and 111.

CLIFTON J. PRATT, Attorney General, for appellee.

1. In the absence of an express provision by statute, the appellant can maintain no action.

2. It is nowhere alleged in the petition that appellant was "enjoined or restrained." Sec. 2544, Ky. Stats.

3. Payment of the taxes, under the circumstances alleged, was not a payment under legal compulsion.
4. The claim in this case is not "exceptional," but is similar to many others that were paid where the laws were supposed to be in force, and the circumstances are not such as to render repayment "equitable." See Cooley on Taxation, (2d Ed.), page 804.
5. The taxes paid for the years 1893 to 1896, inclusive, are barred by limitation. Kentucky Statutes, secs. 162 and 163; also 2535 and 2544; Constitution of Kentucky, sec. 230; Cooley on Taxation, (2d Ed.), page 804.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellant seeks to compel the appellee, by mandamus, to issue to it his warrant for excessive payments of taxes which were made at the times, for the years, and in amounts as follows, to-wit: "November 12, 1895, overpayment for 1893 (being the difference between 42½ and 75 cents), $2,600; November 12, 1895, overpayment for 1894 (being the difference between 42½ and 75 cents), $2,600; July 3, 1895, overpayment for 1895 (being the difference between 42½ and 75 cents), $2,600; July 3, 1896, overpayment for 1896 (being the difference between 42½ and 75 cents), $2,600; July 26, 1898, overpayment for 1897 (being the difference between 52½ and 75 cents), $1,800; July 26, 1898, overpayment for 1898 (being the difference between 52½ and 75 cents), $1,800.

The claim that it is the duty of the auditor to issue his warrant is based upon sections 162, 163, Kentucky Statutes, which read as follows:

"Section 162. When it shall appear to the Auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same. Nothing herein contained shall authorize the issuing of any such warrant in favor of any person who may have made payment of the

revenue tax due on any tract of land, unless it is manifest that the whole of the tax due the Commonwealth on such land has been paid, independent of the mistaken payment, and ought to be reimbursed.

"Section 163. He shall not draw his warrant for any money improperly paid for taxes, unless application be made in each case within two years from the time when such payment was made."

The application for the warrant to refund the taxes claimed to be improperly paid was made on June 30, 1899, and except for the payments of July 26, 1898, of $1,800 each, it was not made within two years from the time the payments were made. We may add at this point that the Auditor should issue his warrant for two amounts of $1,800 each; being the overpayments of taxes for the years of 1897 and 1898.

It is claimed that the warrant should be issued for the other overpayments, because the running of the statute was suspended by reason of certain proceedings in court and judgments of courts. Under what was known as the "Hewitt Law," of May 17, 1886, banks were not required to pay certain county and municipal taxes, and it is claimed that the banks, under the terms of that act, had irrevocable contracts which prevented the Legislature from enacting a law imposing upon the banks the burdens of county and municipal taxes during their corporate existence. After the approval of the act of November 11, 1892, by which it was attempted to impose the local burdens of taxation upon the banks, the banks denied its validity, and certain of them were sued by counties and municipalities to enforce the payment of local taxes. To none of these proceedings the appellant seems to have been a party. In passing upon this controverted question, this court,

through Judge Pryor, on June 1, 1895, delivered an opinion in which it was held that they were not liable for county and municipal taxes. Com. v. Banks, 97 Ky., 590 (31 S. W., 1013). At the time this action was disposed of there were other cases pending against other banks in the courts, involving the same question, which were disposed of by this court in an opinion delivered on March 24, 1897 (Deposit Bank of Owensboro v. Daviess Co., 39 S. W., 1030), overruling the previous decision, and holding that the banks were liable for city and municipal taxes. Thus the matter remained until 1898, when the appellant and other banks went into the federal court and questioned the right of the counties and municipalities to impose the local tax upon them, and enjoined the auditor from making a certification to the county authorities with the view of imposing such taxes upon them. In that action an injunction was obtained, restraining the auditor from doing so. It finally reached the supreme court of the United States (19 Sup. Ct., 747, 43 L. Ed., 1028), and it decided that the appellant did not have an irrevocable contract, and was compelled to pay the county and municipal taxes; but the circuit court on June 4, 1898, (88 Fed., 398), had held that they were not liable for local taxes, for reasons not necessary to mention here. It is claimed that the opinion of June 1, 1895, and that of the circuit court of appeals, suspended the running of the statute of limitation, and therefore they made the application within the time prescribed by the statute.

So the question here involved is whether the running of the statute of limitation was suspended. To support this claim, sections 2535 and 2544, Kentucky Statutes, are relied upon, which read as follows:

"Section 2535. When the collection of a judgment or the commencement of an action is stayed by injunction, the time of the continuance of the injunction is not part of the period limited for the collection of the judgment or the commencement of the action."

"Section 2544. In all cases where the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence of an officer, or his refusal to act, the time covered by the injunction, restraint, vacancy, absence, or refusal to act, shall not be estimated in the application of any statute of limitations."

It is insisted that these judgments imposed a legal restraint on the appellant against making any application to the appellee under sections 162, 163, Kentucky Statutes, until after May 15, 1899, when the supreme court of the United States acted in the case. The taxes for the years of 1893, 1894, 1895, and 1896 were paid while the opinion delivered June 1, 1895, by this court, was in force, and the taxes for the years of 1897 and 1898 were paid after that opinion had been overruled. There certainly was no legal restraint under the opinion of this court delivered in March, 1897, as it held the banks were not required to pay to the State the excess of taxes here sought to be recovered. The injunction proceedings in the federal court, instituted in 1898 by the appellant, can not be held to be a legal restraint, which would prevent the running of the statute of limitation. Litigation between the counties and municipalities and other banks could not operate as a legal restraint on the appellant. After the delivery of the opinion of 1895, cities and municipalities were asserting that the banks were compelled to pay local taxes, and appeals were prosecuted to this court. Until the opinion of this

court in 1897 the Auditor would not have issued warrants to the appellant for the sums here claimed, but the fact that he would not do so did not prevent the appellant from making application to have the sums claimed refunded for the years other than 1897 and 1898. The right to have it refunded could have been saved by simply filing the application as required by the statute. The banks were trying to be relieved of the burden of local taxation. They were employing every legal means to prevent their payment, and were exceedingly anxious to pay that which is here sought to be recovered. The appellant, in its confidence in its ability to sustain its claim, neglected to make the application which the statute required should be made in order to give the Auditor authority to issue his warrant. The Auditor would have no authority to issue a warrant refunding taxes paid in excess of the proper amount, except for the section of the statute quoted. It is a statute conferring special authority upon the Auditor, and it must be strictly followed, and a party claiming the benefit of its provisions is required to make the application in the manner and at the time required by the statute. As we have said, the Auditor should issue his warrant to refund the excessive tax paid for the years of 1897 and 1898, as the application was made at the proper time. We do not think the authorities cited by counsel are in point, and to follow which would authorize an interpretation of the statute other than that which we have given it. The Legislature has the authority to give the relief sought, and doubtless will do so. The judgment is reversed for proceedings consistent with this opinion.