CASE　7. — SUIT BY THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY AGAINST F. P. JAMES, AUDITOR, TO RECOVER LICENSE TAXES PAID. —April 21, 1910.

## Northwestern Mutual Life Ins Co v. James, Auditor

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Taxation—Foreign Insurance Company—Construction of Statute.—Acts 1906, c. 22, art. 13, subd. 2, amending Ky. St. section 4226, and providing that every foreign insurance company shall make a statement under oath of all premiums receipted for, and that "no deduction shall be made for dividends, or since the last returns were made on all premium receipts which shall include single premiums," etc., and shall pay a tax of $2 on each $100 of said premiums, means, when construed in view of the fact that the act was passed during the pendency of an appeal from a decision under the old law holding that dividends could be deducted from the receipts collected, that the tax shall be paid on the gross amount of premium receipts which include what the statute directs, without any deduction of dividends.

2. Constitutional Law—License Taxes—Validity of Statute.— Acts 1906, c. 22, art. 13, subd. 2, requiring a foreign insurance company doing business in the state to pay a tax of $2 on each $100 of premiums collected with no deduction for dividends, being a license tax operating equally on all affected, is constitutional, though no deduction is allowed for dividends; the propriety of the act being a question for the Legislature.

BARNETT & BARNETT, DODD & DODD, TYLER BARNETT and JOHN L. DODD for appellant.

JAS. BREATHITT, attorney general and JOHN F. LOCKETT, assistant attorney general for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

By the act approved March 29, 1902 (Acts 1902, c. 128, art. 11, subd. 2), section 4226, Ky. St., was made to read as follows: "Every life insurance company other than fraternal assessment life insurance companies not organized under the laws of this state, but doing business therein, shall on the first day of July in each year, or within thirty days thereafter, return to the Auditor of Public Accounts for deposit in the insurance department a statement under oath, of all premiums receipted for on the face of the policy for original insurance and all renewal premiums received in cash or otherwise, in this state, or out of this state, on business done in this state during the year ending the thirtieth day of June last preceding or since the last returns were made, and shall at the same time pay into the state treasury a tax of two dollars upon each one hundred dollars of said premiums as ascertained."

In Mutual Benefit Life Insurance Co. v. Commonwealth, 128 Ky. 174, 107 S. W. 802, 33 Ky. Law Rep. 338, it was held by this court that under this act the tax of $2 was to be collected on each $100 of premiums in fact collected, but not on the amount of the dividends allowed by the company and deducted from the gross amount of the premiums specified in the policies. The insurance commissioner gave the statute the other construction holding that the tax of $2 should be paid on the gross amount of the premiums without any regard to the credit of dividends, and this construction was followed in the circuit court. After the controversy had arisen as to the proper construction of the act of 1902, and while the

case was pending in this court, and before its decision, the General Assembly met, and, at the instance of the insurance commissioner, amended the statute so as to make it read as follows: "Every life insurance company other than fraternal  assessment life insurance companies, not organized under the laws of this state, but doing business therein, shall on the first day of January in each year, or within thirty days thereafter, return to the Auditor of Public Accounts, for deposit in the insurance department a statement under oath of all premiums receipted for on the face of the policy for original insurance and all renewal premiums received in cash or otherwise in this state, or out of this state, on business done in this state, during the year ending the 31st day of December, *and no deductions shall be made for dividends,* or since the last returns were made, *on all premium receipts which shall include single premiums, annuity premiums, and premiums received for renewal, revival or reinstatement of policies, annual and periodical premiums, dividends applied for premiums and additions, and all other premium payments received during the preceding year on all policies which have been written in, or on, the lives of residents of this state, or out of this state, on business done in* this state, and shall at the  same time pay into the state treasury a tax of two dollars upon each one hundred dollars of said premiums as ascertained." See Acts 1906, p. 208. It will be observed that the act of 1906 made no change in the first part of the section as it then stood, and that by the amendment the words underscored above were added to the section as it stood when the case of Mutual Benefit Life Ins. Co. v. Commonwealth was decided. After the amendment took effect, the insur-

ance commissioner required the companies to pay the tax of $2 on the gross amount of the premiums without regard to the deductions for dividends. They paid under protest, and this suit was afterwards brought against the auditor to recover the money so paid on the ground that it was improperly collected. The circuit court dismissed the petition, and the plaintiff appeals.

The first question to be determined on the appeal is the meaning of the amendment. This is not difficult to see. It in terms provides that no deductions shall be made for dividends, and that premium receipts shall include dividends applied for premiums and additions. By a clerical error the words "or since the last returns were made" appear to have been misplaced. It seems that these words should have followed these words, "the 31st day of December." But, however this may be, the language of the amendment leaves no doubt of what the Legislature intended. The question whether these dividends were to be deducted had been a matter of controversy between the insurance companies and the commissioner. The controversy had been taken to the circuit court, and had there been decided in favor of the commissioner's view. The case had then been appealed to this court, and was pending here when the amendment was made by the Legislature. There appears from the amendment no other purpose than to make the statute conform to the view which the commissioner had entertained. To say that the act does not mean this is to give the words which the Legislature added to the section no force, and to say that the addition of them to the section meant nothing. This we cannot do. The legislative purpose being plain, it must be carried into effect, unless the act is unconstitutional.

This brings us to the remaining question in the case: Is the act valid? The tax of $2 upon each $100 of premiums is not a property tax. It is simply a license tax, and, being a license tax, the Legislature has a broad discretion in determining how it shall be assessed. The act operates equally upon all of the same class. It is not an improper classification, and we cannot say that the Legislature exceeded its power in fixing the amount of this license tax when it required it to be paid on the gross amount of the premiums without any deduction on account of dividends thereon. Why the Legislature did this we cannot know. It might have been considered that such a method of computing the tax would have a tendency to prevent the overloading of premiums, and would induce the companies to require in their policies the payment of only such premiums as they needed to carry the insurance. However this may be, the propriety of the act was a question for the Legislature. If the act was within its power, we cannot sit in judgment upon the propriety of it. That the act is constitutional we think is clear.

Judgment affirmed.