## Couty v. H. M. Bosworth, Auditor of Public Accounts.

(Decided October 15, 1914.)

### Appeal from Franklin Circuit Court.

1. Taxation—Payment and Refunding or Recovery of Tax Paid—Actions and Proceedings for Recovery of Taxes Paid.—Section 162 Ky. Statutes was not intended to authorize the Auditor to correct the assessment of the property of tax-payers and to refund the amounts he might determine to be due them. So, where it is claimed that shares in a corporation were assessed for taxation and taxes paid thereon in a proceeding to list omitted property instituted by a revenue agent, when in fact the corporation had itself listed its property and paid taxes thereon, a writ of mandamus was properly denied, in an action against the Auditor for the recovery of the taxes so paid.

2. Judgment—Conclusiveness of Adjudication—Judgments in Particular Classes of Actions and Proceedings—Proceedings for Collection of Taxes.—A judgment of a county court listing certain omitted property for taxation is conclusive in a proceeding brought to recover the taxes paid thereon, upon the ground that the property in question was not subject to taxation.

T. L. EDELEN for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Norman M. Couty sued H. M. Bosworth, Auditor of Public Accounts of the Commonwealth of Kentucky, in the Franklin circuit Court, alleging that on September 1, 1908, he was the owner of one hundred shares of the capital stock of the American Tobacco Company, and that in September, 1911, a proceeding was instituted against him (presumably in the Warren County Court although the petition does not so state) by Earl C. Huntsman, Auditor's Agent, seeking to compel him to list for taxation the shares mentioned. It was further alleged that said shares over plaintiff's objection were assessed at a valuation of $25,000 and that plaintiff on September 27, 1911, paid to the sheriff of Warren County the sum of $580.15, being the amount of the tax, penalty and costs upon said assessment.

Plaintiff filed with his petition a receipt signed by the sheriff of Warren County for $580.15, which recites that the amount receipted for is the "tax on $25,000 for 1908 and 1909, judgment assessing common stock in

American Tobacco Company," and that same was paid under protest. Just how the discrepancy arises as between the receipt reciting payment of taxes for 1908 and 1909 and the petition alleging assessment for one year apparently, we do not understand.

It is further alleged in the petition that the American Tobacco Company listed its property and paid taxes thereon during the period in question, and that by reason thereof, the taxes paid by plaintiff to the sheriff of Warren County were not due and owing by him; and he sought a writ of mandamus to compel the Auditor of Public Accounts to draw his warrant upon the treasury in favor of plaintiff for the amount of the taxes so paid by him to the sheriff of Warren County.

The trial court sustained a demurrer to the petition and dismissed it upon plaintiff's declining to plead further; and from that judgment he appeals.

Appellant's contention is that section 162, Kentucky Statutes, authorizes this character of proceeding. That section provides that when it shall appear to the Auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same.

But this court has held that the statute in question is not subject to the interpretation sought to be placed upon it by appellant; and that it has no reference to taxes paid under circumstances such as are shown in this case.

In German Security Bank v. Coulter, Auditor, 112 Ky., 582, the court said, in reference to the statute mentioned:

"The primary intention of the statute was to authorize the Auditor to refund to officers who collect taxes due the State and paid more into the treasury than was in fact due from them. It was not intended to authorize the Auditor to correct the assessment made of the property of taxpayers and refund the amounts he may determine are due them, for the statutes clearly provide whose duty it is to make assessments of property, how they may be corrected, and the time in which it may be done. The Auditor is not the official upon whom the law confers such authority."

This seems to us to be a sound principle. We do not believe that the Legislature ever intended to enact a law

that would permit any person who thought he had been required to pay a greater amount of taxes than he thought to be due, or to pay taxes on property that he considered exempt, or even to pay taxes to the sheriff or collecting officer of a county, through mistake, to appear before the Auditor of Public Accounts and require him to take up and pass upon the merits of the claim; and then if it appeared to him that the tax had been improperly paid to draw his warrant on the Treasurer for the amount appearing to him to be due the claimant.

2. Moreover, while the petition does not state that the proceeding instituted against the plaintiff proceeded to judgment, on the demurrer, its averments should be taken against the pleader, and it must be assumed that the shares were assessed pursuant to a judgment of the Warren County Court; and that judgment is conclusive herein.

Kentucky Statutes, section 4260, provides that the judgment of the county court in an action to list omitted property for taxation shall have the same force and effect as the judgment of the court in civil cases.

In Commonwealth v. Churchill, 131 Ky., 251, the court said, in speaking of a judgment of the county court assessing omitted property:

"The conclusive effect of that judgment can not be affected by parol evidence in this action as to what was in fact assessed in that action. Unless the judgment is opened in the manner provided by law, it can not be attacked collaterally and no judgment can be had here for relief which might have been had there if the evidence had been adduced."

In the case *sub judice,* Couty was the owner of the shares mentioned, and it was his duty to list those shares for taxation and to pay taxes thereon unless the corporation itself had listed its property. In the proceeding to list the shares as omitted property, the question was: Were the shares subject to taxation? The county court, it is assumed, held that they were; and in so doing the court acted judicially. Commonwealth v. Churchill, 131 Ky., 251.

In the present proceeding seeking a recovery of the taxes paid, the same question is again presented: Were the shares subject to taxation? That question is *res judicata.*

Judgment affirmed.