## Greene, Auditor v. Federal Coal Company.

(Decided June 10, 1919.)

### Appeal from Franklin Circuit Court.

1. Taxation—Action to Recover Taxes Paid State.—Where a mortgagor, in this case a corporation, upon lodging for record a duly executed mortgage on real estate in the office of a county court clerk where it should have been and was recorded, paid to that officer the tax of twenty cents on each $100.00, of the indebtedness secured by such mortgage as required by section 4019a, subsection 9, Ky. Stats., neither the subsequent loss by the mortgagor of the real estate covered by the mortgage to one, adjudged by a court of competent jurisdiction, the owner by a superior title, nor the loss to the mortgagee of the security for the debt named in the mortgage, will entitle the mortgagor to recover back from the state the tax paid it through the county clerk by the mortgagor when the mortgage was lodged for record. Hence, it was error for the circuit court to award, at the suit of the mortgagor, a writ of mandamus directing the Auditor of the State to draw his warrant upon the State Treasury in favor of the mortgagor for the amount of such tax.

2. Taxation—Action to Recover Taxes Paid State.—Ky. Stats., section 162, under which the tax is sought to be recovered of the state in this case, confers no authority upon the Auditor to issue his warrant on the treasury in favor of appellee for the tax here claimed; as the tax was due the state when paid, it was properly paid.

3. Taxation—Action to Recover Taxes Paid State.—The tax was not paid under a mistake of law or fact. The indebtedness of the mortgagor to the mortgagee is admitted, as is the fact that the mortgage was executed to secure its payment, and the tax is imposed by the statute upon the indebtedness attempted to be secured by the mortgage and not upon the recording of the mortgage. The only mistake consisted of the belief of the mortgagor that it had a good title to the real estate upon which the mortgage was given, when in fact it did not. It is not the duty of the clerk in whose office the mortgage is recorded to investigate or pass on the sufficiency of the mortgagor's title to the property mort-

gaged. But it is the duty of one giving a mortgage or other lien on property to know that his title to the property is good; and recovery back of the tax in this case would authorize its recovery in every instance where the mortgagor happened to be deceived or mistaken as to his title to the property mortgaged. To permit such procedure would involve the Auditor in almost constant litigation and amount to an abuse of the law.

4. Taxation—Action to Recover Taxes Paid State.—Appellee is not in the attitude of one of whom a tax has been illegally collected. It was legally liable for it when it was paid and the fact that the discovery has since been made by it that its payment might have been avoided, will not authorize its recovery. Its payment was purely a voluntary matter, as the appellee had the choice to have the mortgage recorded or to decline to do so. The clerk could not have coerced its payment. Under the facts presented the courts cannot be occupied in undoing the arrangements of parties which they have voluntarily made.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellant.

N. R. PATTERSON and THOMAS B. McGREAGOR for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This appeal brings to us for review a judgment of the Franklin circuit court granting the appellee, Federal Coal Company, a writ of mandamus directing the appellant, Robert L. Greene, as Auditor of Public Accounts of the State of Kentucky, to draw his warrant on the treasurer of the state in appellee's favor for $2,700.00 alleged to have been paid by the latter under a mistake of law and fact to the clerk of the Bell county court as a tax due the state for the recording in his office of a mortgage on real estate executed by appellee to secure a loan of $1,350,000.00, made it by the Chattanooga Savings Bank of Chattanooga, Tennessee. The circuit court overruled a demurrer filed by appellant to the petition and the latter's refusal to plead further resulted in the judgment appealed from.

The facts are that sometime prior to September, 1917, appellee purchased of one C. M. Preston, trustee in bankruptcy of the Continental Coal Corporation, 16,000 acres of land in Bell county and received of him a deed to same; and on the 15th of September 1917, appellee borrowed of the Chattanooga Savings Bank the $1,350,000.00 mentioned and then executed to it the mortgage on the 16,000 acres of Bell county land to secure its payment, which mortgage was on the same day duly

acknowledged by the mortgagor, lodged for record in the office of the clerk of the Bell county court, and in due course recorded therein. Upon lodging the mortgage in his office for record, appellee paid W. C. Bingham, clerk of the Bell county court, his fee for recording the instrument and in addition $2,700.00; the latter sum being the total amount of a tax of twenty cents upon each $100.00, of the $1,350.00.00 indebtedness secured by the mortgage in question, which tax was imposed in behalf of the State of Kentucky by the revenue act of 1917. Subsequent to September 24, 1917, suit was instituted in the United States court for the Eastern District of Kentucky by S. Thruston Ballard and others v. the Continental Coal Corporation, C. M. Preston, its trustee in bankruptcy, the appellee, Federal Coal Company, and the Chattanooga Savings Bank, seeking a cancellation of the deed from Preston, trustee, conveying to the appellee the 16,000 acres of Bell county land, and, also, the cancellation of the mortgage from the latter executed to the Chattanooga Savings Bank. Thereafter a decree was rendered in that action by the Federal court cancelling the deed. also the mortgage in question, and appointing one J. M. Gilbert special commissioner of the court to enter upon the record of the office of the clerk of the Bell county court such cancellations, which was accordingly done by the commissioner.

The present action to recover of the appellant, Robert L. Greene, Auditor of Public Accounts for the State of Kentucky, the $2,700.00, tax paid by appellee to the clerk of the Bell county court upon the recording of the mortgage made by it to the Chattanooga Savings Bank, was instituted in the Franklin circuit court, March 20, 1919; the grounds alleged in the petition for its recovery being that as appellee did not acquire any title to the lands conveyed it by the deed from Preston, trustee, or in fact own them when it executed and caused to be recorded the mortgage, it was not liable for the tax paid the clerk of the Bell county court upon the recording of the mortgage, and is therefore entitled to recover it of the appellant, Auditor, to whom it was paid by the clerk; and further that the payment of the tax was made under a mistake both of law and fact on its part.

It is insisted by appellee that the recovery of the tax was authorized by Kentucky Statutes, section 162, which provides:

"When it shall appear to the Auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same." . . .

Under the decisions of this court the recovery of the tax cannot be sustained upon the ground indicated. In German Security Bank v. Coulter, Auditor, 112 Ky. 582, it was held that the primary object of the statute, *supra*, was to authorize the Auditor to refund to officers who collected taxes due the state and paid more into the treasury than was in fact due from them; and that it was not intended to authorize the return by the Auditor of a tax improperly assessed against or paid by the individual taxpayer. In Couty v. Bosworth, Auditor, 160 Ky. 312, in interpreting this statute we, in part, said:

"We do not believe that the legislature ever intended to enact a law that would prevent any person who thought he had been required to pay a greater amount of taxes than he thought to be due, or to pay taxes on property that he considered exempt, or even to pay taxes to the sheriff or collecting officer of a county, through mistake, to appear before the Auditor of Public Accounts and require him to take up the merits of the claim; and then if it appeared to him that the tax had been improperly paid to draw his warrant on the treasurer for the amount appearing to him to be due the claimant."

The same construction has been given the statute in the following cases later decided: Bosworth v. Metropolitan Life Ins. Co., 162 Ky. 344; Lou. Gas and Electric Co. v. Bosworth, 169 Ky. 824.

The tax paid by appellee was imposed by section 4019a, subsection 9, Kentucky Statutes, which provides, in part:

"A tax of twenty cents is hereby imposed upon each $100.00, or fraction thereof of indebtedness, which is or may be in any contingency secured by mortgage on property in this state, which mortgage shall be lodged for record after this act goes into effect, where the indebtedness does not mature within five years." . . .

The word "mortgage" is thus defined in a previous paragraph of the same section as follows:

"The word 'mortgage' as used in this section shall include any instrument creating or evidencing a lien of

any kind upon property given or taken as security for debt and shall include vendors liens and executory contracts for the sale of property under which the vendee is entitled to the possession thereof." . . .

It is admitted in this case that the mortgage secured an indebtedness of $1,350,000.00, which did not mature within five years; that the mortgage was a recordable instrument, was duly recorded in the proper office and that appellee paid the clerk the tax. It will be observed that the tax is not imposed upon the mortgage by the statute, but upon the indebtedness secured by the mortgage. The instrument constituting the mortgage evidences the indebtedness and enables the clerk to know the amount of the indebtedness and the amount of tax to be collected upon the indebtedness, the thing taxed.

It is appellee's contention that the tax was paid under a mistake of law and fact. But the mistake consisted of its belief that it owned the title to the land when it did not. It is not claimed that there was any mistake as to its indebtedness to the bank, for the money was admittedly borrowed by it of the bank, and it was not relieved of the indebtedness by its loss of the land by the decree of the Federal court. There was no mistake about the execution of the mortgage or the recording of same and no duty rested upon the county clerk to ascertain whether appellee's title to the lands covered by the mortgage was good or bad; nor was he under any duty to pass on the sufficiency of the security afforded by the mortgage. The duty of the clerk went no further than to know that there was an indebtedness on property evidenced by the mortgage, that such indebtedness would not mature within five years and to collect the tax due on the amount of such indebtedness and record the mortgage. Manifestly, the facts here shown give appellee no right to the return of the tax paid by it. If the right to recover of the Auditor the tax received by him through the county clerk could arise from or because of appellee's loss of the lands embraced in the mortgage, or the consequent destruction of the security it had given its creditor by the mortgage, it could on the same grounds recover of the county clerk the fees it paid him for recording both the deed from Preston, trustee, to it and the mortgage it executed to the Chattanooga Savings Bank. Indeed, a recovery back of the tax in this case, would authorize its recovery in every instance

where the mortgagor or maker of the lien happened to be deceived or mistaken as to his title to the property mortgaged; and to permit such procedure would involve the Auditor in almost constant litigation and amount to an abuse of the law. It is the duty of one giving a mortgage or other lien on his property to know that his title to the property is good, and if by his laches or any misfortune or accident be loses the property after giving the mortgage and paying the tax due upon recording it, he cannot make the state the victim of his misfortune. The appellee is not in the attitude of one of whom a tax has been illegally collected. It was legally liable for it when paid, and the fact that the discovery has since been made that its payment might have been avoided will not authorize its recovery.

For another reason appellee cannot recover the tax. It was voluntarily paid the clerk and by him paid to the Auditor. No rule of law is better settled than that which refuses the recovery of money that has been voluntarily paid into the treasury of the state, although the payer may not, in fact, have owed it. In approval of the rule, *supra*, we in L. & N. R. R. Co. v. Comlth, 89 Ky., said: "Considerations of public policy require this rule, and the taxpayer cannot complain with grace, because he has by his own neglect missed the opportunity afforded him by law for his own protection." In Smith's Modern Law of Municipal Corporations, volume 1, section 244, "compulsion" as applied to a tax payment is defined as follows:

"It is, however, upon the whole, well settled that the payment must be made under direct and immediate compulsion, and under such circumstances that the person called on to pay the tax can save himself or his property only by paying the illegal demand. The stringent application of this rule often results in hardship in individual cases; but, for the reason already stated, the general beneficence of the rule is undoubted."

The rule has been time and again approved in this jurisdiction as an examination of the following authorities will show: City of Louisville v. Beecker, 139 Ky. 17; L. & N. R. R. Co. v. Hopkins County, 87 Ky. 605; Brands v. City of Louisville, 111 Ky. 56; City of Louisville v. Anderson, 79 Ky. 334; and is as strongly indorsed in numerous other jurisdictions. Baltimore v. Lefferman, 4 Gill (Md.) 425; Dear v. Varmun, 80 Cal. 86. We also

find that in Cooley on Taxation, volume 2, pp. 495-1502, the soundness of the rule is strongly commended.

It is patent in the instant case that the county clerk could not have coerced payment of this tax. Its payment was purely a voluntary matter with the appellee as it had the choice to pay the tax and have the mortgage recorded or to decline to do so. The tax has been turned over to the Auditor of the State, gone into the general funds of the state and has doubtless been appropriated and disbursed as the law required. Under the circumstances thus presented the courts cannot be occupied in undoing the arrangements of parties which they have voluntarily made. So under the rule announced no escape is possible from the conclusion that appellee is not entitled to recover back the tax sued for. Hence, the action of the circuit court in overruling appellant's demurrer to the petition was error. For the reasons indicated the judgment is reversed, the cause remanded with directions to sustain the demurrer to the petition and dismiss the action. The whole court sitting.