## FORDSON COAL CO. v. MAGGARD, Sheriff.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1924.)

### No. 4107.

**1. Injunction ⊜135—Sound discretion usually requires temporary injunction, where irreparable damage shown, and defendant can be protected by bond.**

Where plaintiff shows reasonable probability of prevailing on final hearing, and that his damage will be irreparable if injunction is refused, sound discretion usually requires that temporary injunction be granted, where defendant by proper bond can be secured against any resulting damage.

**2. Taxation ⊜608(9)—Injunction remedy to restrain enforcement of illegal tax, refund provision not being adequate legal remedy.**

In Kentucky courts, and in the federal courts, bill in equity will lie to enjoin enforcement of illegal tax on land; Ky. St. § 162, providing for refunds, not being completely adequate legal remedy.

**3. Taxation ⊜608(10)—Injunction not available because tax arbitrarily high, adequate legal remedy being provided therefor.**

Injunction will not lie to restrain enforcement of tax because assessment is arbitrarily high as compared with other lands similarly situated; Ky. St. § 4128, providing adequate legal remedy by review and appeal, and, in case of infringement of federal due process clause, review in United States Supreme Court being effectual.

**4. Taxation ⊜611(9)—Preliminary injunction held required, where validity of tax assailed for want of statutory notice.**

Where plaintiff's claim that necessary notice of assessment provided by Ky. St. §§ 4120–4123, was not given, involved questions of law, or fact and law, determinative of validity or illegality of tax sought to be restrained, sound discretion *held* to require preliminary injunction.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Injunction by the Fordson Coal Company against W. J. Maggard, as Sheriff, to restrain collection of tax. From an order denying a preliminary injunction, plaintiff appeals. Reversed.

Cleon K. Calvert, of Pineville, Ky. (W. R. Middleton, of Detroit, Mich., and Clifford B. Longley, of Detroit, Mich., on the brief), for appellant.

William Lewis, of London, Ky. (Lewis & Lewis, of London, Ky., and Will C. Hoskins, of Hyden, Ky., on the brief), for appellee.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. The District Court refused a preliminary injunction to prevent the collection of a tax, but continued the restraining order pending this appeal.

[1] While it is the rule that the granting or refusing of a preliminary injunction is discretionary, yet it is equally well settled that if the plaintiff makes a case showing a reasonable probability of prevailing on the final hearing, and if his damage will be irreparable if the injunction is refused, while defendant can, by proper bond, be secured against any damage coming from the temporary injunction, a sound discretion usually requires it to be granted. Louisville v. Louisville Co. (C. C. A. 6) 279 F. 956.

[2] It has long been the rule of the Kentucky courts and of this court that a bill in equity would lie to enjoin the enforcement of an illegal tax upon land. Louisville Trust Co. v. Stone, 107 F. 305, 309, 46 C. C. A. 299. Section 162 of the Kentucky Statutes has not given such a completely adequate legal remedy as to change this rule in such a case as this. County v. Bosworth, 160 Ky. 312, 169 S. W. 742; Craig v. Taylor, 192 Ky. 36, at page 58, 232 S. W. 395. Even if the section would otherwise apply to such alleged invalidity and such a tax as are here involved, it could only touch that fraction of the tax which may ultimately reach the state treasury.

[3] One of plaintiff's claims is that the assessment of its lands was arbitrarily high as compared with other lands similarly situated, and was therefore in law fraudulent and in violation of the due process clause. Not only would we hesitate to review the District Judge's (probable) conclusion that plaintiff's showing on this point did not indicate any substantial probability of final success, but for any such erroneous assessment there is apparently a complete and adequate remedy by the review and appeal proceedings prescribed by section 4128 of the Kentucky Statutes, which brings such controversy ultimately to the Kentucky Court of Appeals. Sanford v. Roberts, 193 Ky. 377, 236 S. W. 571. If there is involved an infringement of the federal due process clause, the Supreme Court of the United States, on review of the state court, would effectuate the federal guaranty.

[4] The other claim is that plaintiff did not have the necessary notice of the assessment. Passing by every other question, we are so far impressed with plaintiff's claim as to the effect of sections 4120–4123, Ky. St., that we think it should have consideration upon the final hearing, with the aid of the thorough attention which it seemingly did not have upon this motion, if, indeed, it was at all developed and brought to the attention of the District Judge. However that may be, it is a legal question outstanding

upon the record. This claim is that the first meeting of the board of supervisors, at which it is said plaintiff's agent attended and was heard, is only a meeting for assessment; that the second meeting is one for review; and that the taxpayer has an absolute right to notice of the assessment after it is made, in order that he may appear upon the review and be heard, or, if he had been present at the first meeting, may be further heard—in other words, that the notice which the statute directs, intermediate these two meetings, is mandatory.

This leads to the further claim, which we also characterize as at least deserving preservation until the final hearing, that when the taxing authorities do not give the notice of section 4122 personally to owners or agent, but resort to posting, it is not sufficient to post upon one out of the several listed tracts belonging to the same owner, and that the effect of such single posting does not go beyond the listed tract with which it may be sufficiently identified, and upon which it may be properly posted. These two claims, one of law and one which may be of fact or law, or both, when taken together, present a question which we think should be preserved alive until final hearing, and hence that a sound discretion required the provisional injunction.

Accordingly the order below is reversed, and the preliminary injunction will issue upon terms and security to be fixed by the District Court.