## Coleman et al. v. Western & Southern Life Ins. Co. Talbott et al. v. Union Central Life Ins. Co.

(Decided May 12, 1936.)

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellants.

BRUCE & BULLITT for appellee Western & Southern Life Ins. Co.

BEN V. SMITH & SON for appellee Union Cent. Life Ins. Co.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

These appeals involve identical questions. On a joint motion of the parties they have been consolidated and ordered to be tried together; therefore, we will dispose of them in one opinion.

The decisive question is the right of the Western & Southern Life Insurance Company to recover under Section 162, Kentucky Statutes, of the commonwealth, $2,567.25 of premium taxes paid, under section 4226, Kentucky Statutes, and of the Union Central Life Insurance Company to recover of it $1,631.28 premium taxes, paid under the same section.

The amount respectively paid by them and which they are entitled to recover, if any sum, is not disputed; nor are the facts and circumstances under which each of them paid the same.

Section 4226 imposed a maximum tax of 2 per cent. of premiums received. Section 637, Kentucky Statutes, known as the "Retaliatory Tax Law," provides:

"When by the laws of any other state any taxes * * * are imposed upon insurance companies * * * incorporated under any * * * law of

this state, and transacting business in such other state * * *. greater than those imposed upon similar companies by the laws of this state, * * * the same taxes * * * shall be imposed upon all insurance companies doing business in this state, which are incorporated or organized under the laws of such state.''

The Western & Southern and the Union Central were Ohio companies. The law of Ohio (Gen. Code, sec. 5433), prior to May 11, 1927, imposed a tax of 2½ per cent. on Kentucky companies. Section 637, Kentucky Statutes, requires that an Ohio company doing business in Kentucky pay the same premium tax rate that state imposed upon Kentucky companies.

The Legislature of Ohio, May 11, 1927, passed an amendment, effective May 24, 1927 (112 Ohio Laws, p. 429, amending Gen. Code, sec. 5433), by which Ohio increased the rate from 2½ per cent. to 3 per cent. The Western & Southern and Union Central reported to the Kentucky insurance commissioner the total of the respective premiums collected from January 1 to December 31, 1927, on its Kentucky business, prior to the enactment of the Ohio statute. From and after May 11, 1927, our insurance commissioner construed the Ohio enactment of May 11, 1927, to be retroactive, and to require Kentucky companies doing business in Ohio to pay a 3 per cent. rate on all premiums collected after January 1, 1927. And demanded of each of the companies the payment of a tax of 3 per cent. of the premiums, each had collected throughout the entire calendar year of 1927. Each of them paid as he demanded.

This action is to recover the difference between 2½ per cent. and 3 per cent. paid by each of them, in accordance with the commissioner's construction of the Ohio amendment of date May 11, 1927.

The auditor insists that in order to preserve their right to recover it was the duty of the companies to refuse to pay the 3 per cent. premium taxes until the constitutionality of the Ohio law was determined by the courts; and it was their duty to prevent paying the same, by injunctive relief, and having failed to do either, the payment thereof ''was voluntary, without protest,'' within the rule stated in Bosworth, Auditor,. v. Metropolitan Life Ins. Co., 162 Ky. 344, 172 S. W.

661; German Security Bank v. Coulter, 112 Ky. 577, 579, 66 S. W. 425, 427, 23 Ky. Law Rep. 1888; Bank of Commerce v. Stone, 108 Ky. 427, 56 S. W. 683, 22 Ky. Law Rep. 70; Couty v. Bosworth, Auditor, 160 Ky. 312, 313, 169 S. W. 742.

His further contention is that the companies paid the taxes under a mistake of law; and, therefore, no recovery is permissible.

The determination of the question as to whether the payment of the premium taxes by them was voluntary, or a mistake of law, requires a review of our Statutes. Section 4230, Kentucky Statutes, imposed a penalty upon them of $100 for failing or refusing for thirty days to make a report as therein provided; and further authorized the commissioner to revoke the authority of the company, or its agent, and to publish such revocation in some newspaper of this commonwealth. Section 4230a, in substance, provides that an insurance company authorized to transact business in this state shall make a report of the premiums collected thereunder and pay the taxes thereon, and failure to make such report "is punishable by a fine of $500.00 for each offense." Section 4231 provides that any insurance company failing or refusing to make a report or pay the taxes therein required shall be deemed guilty of a misdemeanor, and "on conviction [shall] be fined one thousand dollars ($1,000,00) for each offense." Section 637 incorporated into the law of this state the Ohio General Code, sec. 5434, which authorized a revocation of the companies' license; and section 5435 which imposed a $100 monthly penalty for each monthly failure to pay the taxes after a demand therefor.

It is conceded that on December 12, 1928, the Supreme Court of Ohio ruled that the May 11, 1927, amendment could not constitutionally be given a retroactive effect, and that the 2½ per cent. rate applied to collections between January and May 24, 1927, and the 3 per cent. rate was only collectible after May 24, 1927, the effective date of the act. See Safford, Supt. of Ins., v. Metropolitan Life Ins. Co., 119 Ohio St. 332, 164 N. E. 351.

"In a number of cases decided prior to 1920, it was held that taxes voluntarily paid could not be recovered under section 162 of the Kentucky Stat-

utes. In Craig, Auditor, v. Security Producing & Refining Co., 189 Ky. 565, 225 S. W. 729, decided in 1920, it was held that money paid into the state treasury as taxes when none were due could be recovered, though the money was voluntarily paid. Prior decisions to the contrary were overruled. The Security Producing & Refining Company Case was followed by Craig v. Frankfort Distilling Co., 189 Ky. 616, 225 S. W. 731, Craig, Auditor, v. Renaker, 201 Ky. 576, 257 S. W. 1018, and Greene, Auditor, v. Frankfort Distillery Co., 209 Ky. 427, 273 S. W. 28.''

Coleman, State Auditor of Public Accounts, v. Consolidated Realty Co., 239 Ky. 788, 40 S. W. (2d) 387.

In the Coleman Case we said:

''In determining whether a payment of taxes is voluntary or involuntary, the real question is whether there was such an immediate or urgent necessity for the payment as to imply that it was made under compulsion.''

And further:

''If payment of an illegal tax is made under duress, it need not be paid under protest to entitle the payer to recover it back.''

Accordingly, we ruled in Ziedman & Pollie, Inc., v. City of Ashland, 244 Ky. 279, 50 S. W. (2d) 557, and River Excursion Co. v. City of Louisville, 244 Ky. 811, 51 S. W. (2d) 470, that duress or compulsion exists whenever taxes are collectible by summary process of a fine or imprisonment, and are recoverable; but where they are collectible by suit only, they are to be regarded as paid voluntarily, and an action to recover them cannot be maintained.

With the harsh penalties imposed by the sections of the Statutes, supra, confronting each of them, for a noncompliance therewith, it, with reason, cannot be regarded that the payment of the 3 per cent. of the premium taxes was voluntary, or a mistake of law, within the meaning of these terms.

The judgment of the circuit court is consistent herewith. It is affirmed.