## Greene, Auditor v. Taylor, Jr. & Sons.

(Decided June 17, 1919.)

### Appeal from Franklin Circuit Court.

1. Taxation—Corporations—Exemption from License Tax.—Under section 4189a, Ky. Stats., a corporation upon which a franchise or license tax was imposed by law, at the time of the enactment of section 4189a, supra, is exempt from the payment of the license tax, imposed by that statute.

2. Statutes—Enactment Upon Same Day.—Two statutes, which are enacted by the General Assembly upon the same day, and which became laws upon the same day, must be construed together, and they will be presumed to have become laws, at the same time, and each to have been existing, when the other became a law.

3. Taxation—Mistake in Payment—Rectification.—Under section 162 Ky. Stats., the Auditor may be required, by mandamus, to draw his warrant upon the treasurer for the benefit of one, who pays money into the treasury for a tax, when the tax was not, in fact, due, if the payment was made under the mistaken belief, that the tax was due, because of mistake of law, or if the payment was involuntary; provided, however, that the rectification of the mistake or involuntary payment does not involve the doing of some act, which the Auditor has not the power, and which it is not his duty to do.

CHARLES H. MORRIS, Attorney General, and DAVIS M. HOWERTON, Assistant Attorney General, for appellant.

HAZELRIGG & HAZELRIGG for appellees.

Opinion of the Court by Judge Hurt—Affirming.

E. H. Taylor, Jr. & Sons, is a domestic corporation, and is engaged in the manufacturing of double stamp spirits. Its capital stock consists of $1,000,000.00 par value, and divided into shares. For the year, 1918, it was required to, and did pay into the treasury, a license tax, which, together with the interest and penalties, amounted to the sum of $670.00. This license tax is the one pro- vided for, by section 4189a, Ky. Stats. Thereafter, it made application to the Auditor of Public Accounts, for the return to it of the sum paid, which being refused, it instituted a suit against the Auditor, to require him, by a writ of mandamus, to draw a warrant upon the Treas- urer, in behalf of the corporation for the sum paid, and this suit resulted. in a judgment of the circuit court, granting to it the relief sought, and from this judgment, the Auditor has appealed. Two questions are presented upon the record, for consideration. The one is, whether or not, any such tax was due from the corporation, and the other is, whether such facts are presented, as entitle it to have a writ of mandamus against the Auditor, to require a return to it of the money paid. These will be considered in their order.

(a) The contention upon the part of the Auditor is, that the corporation is due to pay the taxes collected, under the provisions of section 4189a, Ky. Stats., which is section 1, chapter 7, Session Acts 1917. The section is as follows: "All corporations having a capital stock divided into shares organized by and under the laws of this or any other state or government, owning property or doing business in this state, except foreign insurance companies, whether fire, life, accident, casualty or indem- nity, foreign and domestic building and loan associa- tions, banks and trust companies and all corporations, which under existing laws, are liable to pay a franchise or license tax, shall pay to this state, to be credited to the sinking fund, an annual license tax, based upon its auth- orized capital stock, as hereinafter provided."

Section 4189c, Ky. Stats., provides, that the license tax, required by the preceding section of a corporation shall be fifty cents upon each one thousand dollars of its authorized capital stock, or at least upon that part of the stock, which is represented by property owned, and bus-

iness transacted, in this state. The foregoing statutes, together with their sections and provisions, became a law upon the second day of May, 1917. Upon the same day, section 1, chapter 5, of Session Acts, 1917, which is section 4214a, Ky. Stats., became a law. These acts were enacted by the General Assembly upon the same day, and therefore, became laws and in force upon the same day after the termination of the General Assembly. The last mentioned statute is as follows: "Every corporation, association, company, copartnership, or individual engaged in the business or occupation of manufacturing distilled spirits, known as whiskey or brandy, or other species of such double stamp spirits in this state, and every owner or proprietor of a bonded warehouse in this state in which such spirits are stored, shall, in addition to the taxes now imposed by law, pay to the Commonwealth of Kentucky, a license tax of two cents on every proof gallon of said distilled spirits, which is liable for tax to the Federal government, as shown by its official records and the amount of the tax due the state shall be thereby fixed and measured by the State Tax Commission."

For the purpose of ascertaining the taxes imposed by the above statute, and collecting them, when due, the manufacturer is required to report to the Auditor on the first day of January, May and September of each year, the quantity, in proof gallons, of the spirits on which the Federal government tax has been paid, or has become due, or has been transferred under bond, or removed from the warehouse during the preceding four months, and shall, at the same time, pay the tax of two cents per gallon, to the Treasurer through the Auditor. If there is a failure to pay this tax, within fifteen days after it becomes due, a penalty of eight per centum of the amount of the tax is imposed, and the Auditor is directed to take the necessary proceedings for the collection of the taxes.

The appellee, E. H. Taylor, Jr. & Sons, made the first payment of the two cents per gallon taxes, on the 25th day of July, 1917, and paid same at the proper periods thereafter. In the month of April, 1918, a deputy state revenue agent demanded of appellee, to pay the license tax provided by section 4189a, *supra,* and which, it thereafter paid.

It will be observed, that section 4189a, *supra,* which imposes the license tax of fifty cents upon each one thousand dollars of the authorized capital stock of corporations, expressly exempts from the payment of the tax, "all corporations, which, under existing laws, are liable to pay a franchise or license tax." It may be conceded, that the statute intended to exempt such corporations, only, as were liable to pay franchise or license taxes, at the time, section 4189a, *supra,* became a law. It and section 4214a, *supra,* having become laws upon the same day and at the same time, the appellee being a manufacturer of double stamp spirits, necessarily and inevitably, was bound for the payment of the tax provided for, by section 4214a, at the time when section 4189a, *supra,* became a law. As a general rule, the law takes no account of fractions of days, and, in the absence of anything to show to the contrary, it can only be concluded, that the two statutes, being enacted upon the same day, and becoming effective as laws, thereafter, on the same day, that they became in force, at the same time. Statutes, enacted by the legislature at the same session, upon the same subject, must be construed together; for the purpose of ascertaining the intention of the legislature, which after all is the law, and the statutes, are the expression of it. The evident purpose of the legislature, as indicated by the language of the statutes, was to impose, upon all corporations, a license tax based upon their authorized capital stock, except such as it exempted, from the operation of the statute, and its purpose to exempt those corporations upon which the law, at the time, imposed a franchise or license tax, is just as evident. Neither could it be concluded, that the legislature intended to impose two license taxes upon such corporations, as the appellee, and a court would not be justified in construing a statute, so as to impose double taxation, unless the terms of the statute require it. Merchants Ice & C. S. Co. v. Com., 154 Ky. 453; Com. v. Ledman, 127 Ky. 603. While the argument is made, that its business is one, which the public policy of the times, seeks to restrict, there is nothing in section 4189a, *supra,* which would indicate, that there was any corporation, which was liable to pay a license or franchise tax, which was intended to be taken out of the exception in the statute. The tax imposed by section 4189a, *supra,* is simply and purely, a license

tax. It is neither a tax upon the property of a corporation nor upon the value of it, but, is a license required for its right to do business in the state and its amount is in accordance with the volume of its authorized capital stock. Hillman Land & Iron Co. v. Com., 174 Ky. 759. The tax imposed by section 4214a, *supra,* is likewise a license tax. It is not a tax upon property, nor its value, but is a tax regulated, as to its amount, by the volume of business done by the corporation for the privilege of engaging in the business of manufacturing double stamp spirits, and is imposed by legislation, which is authorized by section 181 of the Constitution. Raydure v. Board of Supervisors, 183 Ky. 84. Under other statutes, such corporations, as appellee, are required to pay an *ad valorem* tax upon the value of their property, and such tax, it is presumed, is the one referred to in section 4214a, *supra,* when the two cents per gallon tax is imposed in addition to the other taxes then imposed by law. The construction, which is here placed upon the two statutes, 4189a, and 4214a, *supra,* tends to preserve that equality in taxation, which the Constitution guarantees, and, also, enables force and effect to be given to the clauses of the different statutes, and prevents any repugnancy between them. Hence, we conclude, that appellee was liable for the license tax of two cents per gallon upon the spirits, produced by it, as provided by section 4214a, *supra,* and not liable to the license tax, provided by section 4189a, *supra,* and the payment of the last mentioned tax, was a payment of money or taxes into the treasury, when such taxes were not due.

(b) The corporation relies upon section 162 Ky. Stats. as giving it a right to maintain this action to compel the Auditor, by writ of mandamus, to draw his warrant upon the Treasurer, in its favor, for the amount of the tax, paid when it was not due.

The section of the statutes, is as follows:

"When it shall appear to the Auditor, that money has been paid into the treasury for taxes, when no such taxes were in fact due, he should issue his warrant on the treasury for such money so improperly paid, in behalf of the person, who paid the same. Nothing herein contained, shall authorize the issuing of any such warrant in favor of any person who may have made payment of the

revenue tax, due on any tract of land, unless it is manifest, that the whole of the tax, due the Commonwealth on such lands, has been paid independent of the mistaken payment, and ought to be reimbursed."

The foregoing has been a part of the statutory law of this state, since the year, 1854, and has been carried from each revision of the statute laws to the one, following. It will be observed, that the statute does not, in terms, make anything essential to a right to a return from the treasury of the money paid for the tax, except the bare fact, that the tax was paid into the treasury, when it was not, in fact, due, and a further condition, is imposed by section 163 Ky. Stats., that the application to the Auditor, for a return of the money, must be made within two years from the date of its payment into the treasury. The statute does not, expressly, provide, that a payment of money for a tax, when such tax is not, in fact, due, because of a mistake of law, or fact, or because the payment was involuntary, should constitute grounds, upon which the money can be reclaimed, but, it seems clear, that, although the statute does not, in terms, make necessary the existence of a mistake or compulsion to enable the taxpayer to reclaim the money, there must exist, in favor of the claimant, some equitable ground upon which to entitle him to call into his service, the powers and processes of the courts. If one, with a knowledge of the fact, that he did not owe the tax, should voluntarily pay it into the treasury, upon what could he base a right to ask a court, of equity, to exercise its powers and processes to compel a return of it to him? As said in Tyler, et al. v. Smith, 18 B. M. 707: "The doctrine is well settled, that where a man demands money of another as his right, and the other, with a full knowledge of all the facts and of his rights, voluntarily pays the money thus demanded, he cannot recover it back." Bean v. City, etc., 22 K. L. R. 415; City of Maysville v. Milton, 19 K. L. R. 1032. The language, touching a mistaken payment, as used in the last clause of the statute, indicates, that in the enactment of the statute, it was intended to be a means of relief when payment was made into the treasury under the mistaken belief, that the one, paying, was liable for the tax. A well established doctrine, in this state, as applying to the transactions of individuals is, that money, paid under a mistake of law or

fact, may be recovered, if the money was not due nor payable, and in good conscience ought not to be retained. Ray & Thornton v. Bank, etc., 3 B. M. 510; Underwood v. Rockman, 4 Dana 309. However, as regards the payment of taxes, and although, it was held by this court in Bruner v. Town of Stanton, 19 K. L. R. 1514; Trustees v. Hite, 2 K. L. R. 386; Fecheimer v. Louisville, 84 Ky. 306; City of Covington v. Powell, 1 Met. 226; City of Louisville v. Henning & Speed, 1 Bush 381; Harrodsburg v. Renfro, 22 K. L. R. 806, and probably in other cases, that license and other taxes paid to a municipality without compulsion, but under a mistaken belief, that the ones, paying were liable for the taxes, could, and should be recovered, the general doctrine, which now prevails, is, that taxes, paid to counties, cities, towns and county officers, collecting the state's revenues and other collecting officers, if the taxes are voluntarily paid, they can not be recovered although not due, and paid under a mistake of law. City of Louisville v. Anderson, 79 Ky. 334; L. & N. R. R. Co. v. Hopkins Co., 87 Ky. 605; L. & N. R. R. Co. v. Commonwealth for the use, etc., 89 Ky. 531. The rule by which is determined whether such payments were made voluntarily or involuntarily is, that if the assessments can be collected by distraint, they are involuntarily paid and can be recovered from the county, municipality or taxing district to which paid, if paid under the mistaken belief, that they were owing, when, in fact, they were not; but, if the taxes can only be collected by a suit, and the taxpayer thus has the opportunity for a day in court, but instead of resisting the payment, pays it, the payment is voluntary, and the one, paying, cannot recover it. However, in Bruner v. Clay City, 18 K. L. R. 1008, Bruner was required to pay a license tax of $750.00 before the council would grant him a license to sell spirits by retail, when the maximum license fee, allowed by law, was only $300.00, and Bruner knew this to be a fact, but paid the $750.00, as he had already obtained a state license and rented property to do business in at considerable cost, which he must lose, or else pay the excessive demand and it was held, that he was entitled to recover back the excess over $300.00 on the ground, that the payment was by compulsion and not voluntary.

It is insisted, that the rule, applying, as between individuals and counties, cities or taxing districts, as held

in Anderson v. Louisville, L. & N. R. Co. v. Hopkins Co.
and L. & N. R. R. Co. v. Commonwealth, *supra*, should
be applied to claims for recovery of taxes not due, and
paid into the treasury, when claims are made against
the Auditor under section 162, *supra*, and thus a recov-
ery of all should be denied, except such as were involun-
tarily paid in accordance with the rule established by the
above cited cases, although the payment was made under
a mistake of law or fact, and under a mistaken belief,
that the tax was due, when, in fact, it was not. This
application of the rule would, also, deny a recovery of
money paid into the treasury for taxes, when no such
tax was due, if the payor knew that it was not due, but
made the payment involuntarily and under compulsion,
if the compulsion was other than the power of distraint.
The application of such a construction of the statute,
would be contrary to its very terms, which require the
Auditor to draw his warrant upon the Treasurer in favor
of one who has paid money into the treasury for taxes,
when no such taxes were, in fact, due, and does not limit
the right to recover such payments, only, as were, in-
voluntarily made under a threat of distraint. Hence,
it is apparent, that it was intended, by the stat-
ute, to apply a different rule to the right to
recover money paid into the treasury, for taxes,
when no such taxes were, in fact, due, and
when application for the return of such money could
be properly made to the Auditor under section 162,
*supra*, from the rule, which is applied to the recovery of
taxes paid to municipalities, counties and taxing districts
generally. It will be observed, that the statute has no
application to a demand for a return of money improp-
erly paid for taxes when made upon any other authority,
than the Auditor. In Bank of Commerce v. Stone, 108
Ky. 427, and in German Security Bank, v. Coulter, 112
Ky. 577, the payments of money into the treasury, sought
to be recovered, and which the claimants were held en-
titled to receive back under section 162, *supra*, were pay-
ments made under a mistake of law, and voluntarily
made, the claimants believing, that they were liable,
under the law, for the payments of the sums, when, in
fact, they were not. The principle was upheld in Louis-
ville City National Bank v. Coulter, 112 Ky. 577. It was,
however, held in the latter case, that while the difference

in the rate of taxation between what was paid and what was due, the claimants were entitled to have back, under section 162, *supra,* the errors, made by the Board of Valuation and Assessment, in assessing the property of the claimants could not be reviewed by the Auditor, and if taxes were collected, which were not due, on account of such erroneous assessments, the Auditor could not be required to rectify such errors and to pay back the amount in excess of what was due, as the taxes were voluntarily paid, and to such payments, the court applied the rule as established in Anderson v. Louisville, 79 Ky. 334, *supra,* and in other cases cited.

The statute confers a special authority upon the Auditor to refund, to claimants, money paid for taxes into the treasury when no such taxes were due, but, the Auditor can not be required, by mandamus, to do a thing, unless he has the power, and it is his duty to do it, and where a properly constituted authority, vested with the duty of making assessments for taxes, and does so, the Auditor can not be required to review the proceedings of the authority, which made the assessment and determine whether a proper assessment has been made as to the property assessed, and to find whether an assessment is erroneous and if so, to pay back to the claimant, any money paid by him into the treasury, which arose from such erroneous assessment, and therefore, was not due, as there are other officers, whose duty it is to make the assessments of the property, and it is not the duty of the Auditor. Neither has the Auditor any authority to review and correct assessments made by properly constituted authorities, and designated, by law, for that purpose. Louisville City National Bank v. Coulter, 112 Ky. 584; County v. Bosworth, 160 Ky. 312; Louisville Gas Co. v. Bosworth, 169 Ky. 824. For the purpose of ascertaining the taxes due from a corporation under section 4189a, *supra,* it is the duty of the tax commission to furnish a blank to the corporation not later than the 15th of December, and it is then, the duty of the corporation to report, among other things, the amount of its capital stock, on, or before February 1st, following, upon the blank, to the tax commission. The tax commission must then assess the corporation with the tax due, if any, under section 4189a and 4189c, and certify to the Auditor the amount of such tax, due from the corporation, and,

also, give the corporation notice of the assessment, and it may then apply, seasonably, for any correction in the assessment, which it desires to have made. Sections 4189c, 4189d, a, b, c; 4189e. The record, in the instant case, does not disclose whether any assessment of taxes against the appellee, under the above statutes, was made by the tax commission and certified to the Auditor, and in as much as the Auditor is authorized to demand and collect taxes, whether assessed by the assessing authorities or not, we can not assume, that such assessment was made by the assessing authorities, and the collection was made thereupon. It therefore appears, that the collection of the money sued for, was made without any assessment having been made by the tax commission, and the tax paid to the Treasurer through the Auditor. The tax was not due, and wholly without consideration. The petition alleges facts, which substantially show, that the money was paid for the tax under a mistake of law, and under belief, by the corporation, that it was liable for the tax, and having made application for its return within the time allowed, by law, it is entitled to have the money returned to it.

The judgment is therefore affirmed.