# Craig, Auditor v. Security Producing & Refining Company.

## (Decided November 16, 1920.)

### Appeal from Franklin Circuit Court.

1. Taxation—Equality and Uniformity—Licenses.—A corporation which is subject to a license tax under sections 4189a and 4189c, Kentucky Statutes, is not liable for another license tax; not more than one license tax can be assessed and collected for a given period of a single corporation.

2. Taxation—Payment of Tax Into Treasury When Not Due.—Under section 162, Kentucky Statutes, it is the duty of the auditor in every case where money has been paid into the treasury as taxes, when no such taxes are due, to issue his warrant on the treasury in favor of the person so paying the same.

3. Taxation—Improper Collection of Taxes—Recovery.—Where two licenses have been collected of a corporation when only one was due, the auditor need only look at the statutes to determine that only one of the taxes was due, and it is his duty to issue his warrant for the amount improperly paid to the corporation thus paying the same, even though the state tax commission has attempted to make the assessment, for it is not necessary in such case that the auditor should inquire into or review the assessment to determine that money has been paid into the treasury as tax when no such tax was in fact due.

4. Taxation—Improper Payment of Taxes.—The purpose of the statute, section 162, is to require the state, through its auditor, to re-

turn all money improperly paid in as taxes to the persons paying the same.

CHARLES I. DAWSON, Attorney General, for appellant.

HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Security Producing and Refining Company, a corporation, was assessed by the state tax commission and paid into the state treasury as license tax $750.00, for the year 1918, and a like amount for the year 1919, under sections 4189a and 4189c, Kentucky Statutes, and is now suing and is granted a mandamus by the lower court against the auditor, requiring him to draw his warrant on the state treasury for the $1,500.00 paid by it as tax when no license tax was due by said company at that time on this account. The auditor is prosecuting this appeal. Section 162 Kentucky Statutes provides: "When it shall appear to the auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same. Nothing herein contained shall authorize the issuing of any such warrant in favor of any person who may have made payment of the revenue tax due on any tract of land, unless it is manifest that the whole of the tax due the Commonwealth on such land has been paid, independent of the mistaken payment, and ought to be reimbursed." In construing this section of the statutes we held in Greene, Auditor v. Taylor, 184 Ky. 739, "that taxes voluntarily paid to counties, cities, towns and county officers, collecting the state's revenues and other collecting officers, can not be recovered although not due, and paid under a mistake of law. City of Louisville v. Anderson, 79 Ky. 334; L. & N. R. R. Co. v. Hopkins Co., 87 Ky. 605; L. & N. R. R. Co. v. Commonwealth, 89 Ky. 531.

It is conceded that the Security Producing & Refining Company, paid, through mistake of law, the taxes for 1918 and 1919 under sections 4189a and 4189c, when it was required to and did pay to the state a license tax equal to one per centum of the market value of the crude petroleum produced by it. It thus paid two license taxes when it was liable for only one. When it became liable for the license tax under section 4223c on its oil produc-

tion, it was by the provisions of section 4189a relieved of liability for a license tax upon its capital stock, but it paid both these taxes and now seeks to recover the sum paid as the latter.

Appellee corporation insists that the attempted assessment of the taxes by the tax commission against the corporation was wholly without authority and, therefore, void.

Fundamentally no tax can be levied or collected by the state except under and by authority of legislative enactment. Money otherwise received by the state as taxes is unwarranted, and should be returned to the payor upon his compliance with the provisions of section 163 Kentucky Statutes. It is admitted that the money sought to be recovered in this action, though paid as taxes, was not due as such, and the security company by mistake of law paid the same though unwilling to do so, had it comprehended its legal rights. The attempted assessment made by the state tax commission was unwarranted and void because no such license tax was due at that time from the corporation. Money so paid as taxes should be returned to the payor on his timely application. The statutes, section 162, which provides that when it shall appear to the auditor that money has been paid into the treasury as taxes when none were in fact due, *shall* be returned to the payer, was intended to cover all such cases. Such improper payment of money into the treasury as taxes can not but appear to the auditor by a glance at the statutes. He does not have to go into or review the attempted assessment made by the state tax commission but need only acquaint himself with the facts and look at the statutes imposing the tax on corporations to have it certainly appear to him that money has been paid into the treasury as taxes by the corporation when no such taxes were in fact due. When it does so appear to the auditor it is his duty to and he may be compelled by mandamus to issue his warrant on the treasury in repayment of the same. In every case where money is received as taxes when not authorized by statute or in violation thereof the duty immediately devolves on the auditor, upon proper application by the person paying the same, to issue his warrant on the treasury in repayment of said sum to the payor. It can appear to the auditor that money has been paid into the treasury as taxes when none are due in at least two ways: (1) when there is no warrant in the statutory law of the state for the levy or col-

lection of such taxes; (2) when the improper and unwarranted payment is made under a void or unenforceable statute or through mistake or inadvertence of the taxpayer, directly into the treasury or to the auditor. In either of such cases it can not fail to appear to the auditor upon proper investigation that money has been paid into the treasury as taxes when no such taxes were in fact due, and it then becomes his duty to and he *shall* issue his warrant on the treasury for the repayment of the money so improperly paid in behalf of the person who paid the same, provided proper application is made therefor. Manifestly the purpose of the legislature in passing section 162, *supra,* was to secure the return of all money paid into the treasury as taxes by taxpayers through mistake, inadvertence, misapprehension of the law, or under void or unenforceable statutes, for it expressly declares it to be the duty of the auditor to issue his warrant in every case where it shall appear to him that the state holds money rightfully and in good conscience belonging to another.

Following this rule the auditor should have promptly issued his warrant on the treasury for $1,500.00 in favor of appellee, Security Producing and Refining Company.

The auditor can not act arbitrarily in the payment of money but will be held to strict accountability for all money paid out by him. In doubtful cases he should refuse payment until the question has been determined by the courts. But in every case, such as this, where it is made to appear to the auditor that money has been paid into the treasury as taxes when no such taxes were in fact due, and demand has been made for its return within the time and in the manner provided by section 163, Kentucky Statutes, he should promptly draw his warrant on the treasury and return to the payor the money thus received, but the auditor is not required to go into or review assessments of taxing agencies to determine whether the payment is due or not.

The cases of Bank of Commerce of Louisville v. Stone, 108 Ky. 427, and Greene, Auditor v. Taylor, *supra;* Louisville City National Bank v. Coulter, 112 Ky. 584; County v. Bosworth, 160 Ky. 312; Louisville Gas Co. v. Bosworth, 169 Ky. 824, and all other cases announcing a similar rule, in so far as they conflict with the construction herein given section 162, Kentucky Statutes, are expressly overruled. We can think of no reason why the state should not be required to live up to the same moral standards

demanded of individuals and repay money received by it through mistake or inadvertence. Any other rule is unconscionable and bad in morals if not actually dis-- honest. The state should not, merely because it has the power to declare the law, take to itself money rightfully and in good conscience belonging to its citizens and tax- payers without just return. Such a statute would be both arbitrary and unjust and we can not conceive of the great lawmaking department of this Commonwealth contem- plating such a thing by the enactment of section 162 Ken- tucky Statutes. Such a purpose, if expressed in a statute, would be inimical to all the past declared public policy of the state. The lower court did not err in awarding the writ of mandamus against the auditor compelling him to draw his warrant on the treasury in favor of the plain- tiff and appellee and the judgment is affirmed.

Whole court sitting and concurring.