## Robert L. Greene (now W. H. Shanks), Auditor v. Frankfort Distillery Company, Incorporated.

### (Decided May 29, 1925.)

### Appeal from Franklin Circuit Court.

1. Licenses—Statute Imposing License Tax on Corporations Held Intended to Operate Prospectively Only.—Acts 1906, chapter 22, article 11, imposing annual license tax based on capital stock of corporations employed within state, was intended to operate prospectively only, and hence corporation engaged in distillery business, which in 1917 paid tax provided for by that act, was not required to pay additional fee for that year under Acts (Sp. Sess.) 1917, chapter 5, imposing special tax on distilleries.

2. Statutes—No Law Held Retroactive Unless such Intent Clearly Expressed or Necessarily Implied.—No law can be held retroactive, unless such legislative intent is clearly expressed or necessarily implied.

3. Taxation—Taxing Statute Cannot be Construed Prospective as to Some and Retroactive as to Others.—A taxing statute cannot be construed prospective as to some and retroactive as to others.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellant.

JOHN D. CARROLL and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1906 an annual license tax, based upon the amount of capital stock employed in this state, was imposed upon

all corporations doing business in the state, except such as were engaged in named kinds of business. Chapter 22, article 11, Acts of 1906.

Appellee, a West Virginia corporation, then and now engaged in the distillery business here, coming within the provisions of that act, paid the tax thereby imposed in the years 1907 to 1917, inclusive. In 1917, the legislature placed the distillery business in a class by itself, and required all parties engaged therein to pay an annual license tax of two cents on every proof gallon of distilled spirits liable for tax to the federal government, which fact, by a provision of the 1906 act, automatically relieved distillers from the provisions of that act.

The act of 1917 became effective July 25, 1917, and, in accordance with its terms, appellee paid to the state $8,766.19 as a license fee for the year 1917. By this action it seeks to recover that sum, under section 162 of the statutes, which requires the auditor to issue a warrant on the treasurer for any money paid as taxes when no such taxes were in fact due.

As is agreed by counsel, appellee's right of recovery depends solely upon whether the act of 1906 was retroactive or prospective, that is, whether the first year's tax thereby imposed was for 1906 or 1907, since if the latter, the license fee paid by appellee thereunder in 1917 conferred upon it the right to do business in the state for the whole of that year, and it could not be required to pay another license tax for the same privilege under the 1917 act, as, in fact, it did.

It is a well settled rule of construction that no law can properly be held retroactive unless such legislative intent is clearly expressed or necessarily implied. Otherwise the presumption is conclusive that the law was intended to operate only in the future and upon future transactions. This rule of construction is certainly of equal, if not peculiar, force with reference to a law imposing a tax upon the privilege of doing business in the state, since it is hard to believe the legislature intended such provision to apply to privileges already enjoyed, especially where, as here, a criminal liability is attached to a failure to comply therewith, which was clearly beyond their power in so far as concerned business done in 1906 prior to the effective date of the law.

There is no express provision in the act that it shall be retroactive. It imposes an annual license tax for doing business in the state, and clearly contemplates that each fee paid shall cover an ordinary calendar year, beginning January 1st. The report, if filed, must show the business transacted in and out of the state during the previous calendar year, to enable the taxing authorities to determine the proportion of the capital stock employed in the state, and to be taxed, but it is made optional with any corporation whether it file such report, or simply pay upon its entire capital stock, as all corporations of limited capital stock, and liable for the minimum fee of $10.00 in all events, naturally would do.

Clearly then, as to such corporation as might elect to make no report of business done in the state for the calendar year of 1906, it would appear that the act was wholly prospective, and that the annual tax required of them for the first time in the year 1907 was for the privilege of doing business in the state for that calendar year.

From this consideration anyone would naturally assume that the act was wholly prospective, since it could not, of course, be prospective as to some and retroactive as to others liable for the tax. The act was actually so construed by taxpayers and executive officers of the state, and uniformly so administered until 1917 or later. In three cases that have come to this court it has been so regarded without question, not only by the parties to those actions, but by this court as well. Green, Auditor v. E. H. Taylor, Jr. & Sons, 184 Ky. 739, 212 S. W. 925; Craig, Auditor v. Security Producing & Refining Co., 189 Ky. 565, 225 S. W. 729; Craig, Auditor v. Frankfort Distilling Co., 189 Ky. 616, 225 S. W. 731.

The second of these cases could not have been decided by this court as it was decided if the act had been retroactive instead of prospective. In each of them the court assumed, as did the parties, and stated that the tax paid in the involved calendar year was the license tax due and paid for doing business in the year in which it was paid. So while those cases do not discuss or expressly decide the question now before us, they at least furnish not only conclusive proof of sanction by this court of the uniform and long-standing contemporaneous construction by administrative officials and parties affected thereby, but also persuasive evidence that the act itself does not clearly express or necessarily

imply a legislative intent that it should be retroactive in its operation.

As further proof of this latter fact, we are referred by counsel, in support of their respective adverse contentions, to two cases from different appellate courts in New York, in which a similar act is apparently construed first one way and then the other. People, etc. v. Miller, 177 N. Y. 51; People v. Metropolitan Security Co., 158 App. Div. 647.

Nor can we find in sections six and seven of the act any necessary implication of such legislative intent as is the claim of the appellant. They are, in our judgment, as easily applied under the one view as the other. Indeed, they have been applied during all of these years, without objection from any source, in accordance with the view that the act was prospective rather than retroactive.

The whole argument for the Commonwealth is based upon the contention that the word "hereafter" in these two sections means, "immediately after the effective date of the act, June —, 1906," rather than after the calendar year in which the law was enacted, as we are convinced from a consideration of the entire act the legislature intended.

It, therefore, at most, is extremely doubtful whether, considering simply the language of the act itself, the legislature intended that the first annual license fee required by the act should be for the year 1906 rather than for the year 1907. That it intended that the first fee payable thereunder should be for the whole of one or the other of these calendar years, is conceded. To construe the act as meaning the calendar year 1906 would make the act retroactive, and being doubtful of such legislative purpose, it ought, under the general rule heretofore referred to, and without reference to its contemporaneous construction, to be construed as prospective rather than retroactive. Giving any consideration whatever to the uniform and long-continued contemporaneous construction, there seems to us now no warrant whatever for departing therefrom.

As the judgment of the lower court is in conformity with that construction, it is affirmed.