# Shanks, Auditor v. Kentucky Independent Oil Company.

·(Decided June 27, 1928.)

## Appeal from Franklin Circuit Court.

1.  Licenses.—Where oil company paid tax imposed on corporation by Ky. Stats., sec. 4189a et seq., for privilege of doing business during year, and after payment Gasoline Tax Act (Act 1924, c. 120) was enacted, imposing tax on gasoline, which company paid, held that since tax levied by act on gasoline was excise on consumption or use and not on act of selling, hence gasoline tax did not constitute double taxation in sense that it was an additional tax imposed upon same property in same year and for same purpose as corporation tax, and it was immaterial whether tax under section 4189a was denominated license tax or excise.

2.  Licenses.—Under Constitution, sec. 181, General Assembly may by general laws provide for payment of license fees on franchises, occupations, or special or excise tax, in addition to ad valorem tax authorized by section 171; hence imposition of excise on gasoline by Acts 1924, c. 120, after corporation had paid tax required by Ky. Stats., sec. 4189 et seq., for privilege of doing business, was authorized, and fact that seller was required to collect and account for excise did not alter its character or convert it into license tax.

3.  Licenses.—Provision in Gasoline Tax (Acts 1924, c. 120) that no other excise or license tax shall be levied or assessed on gasoline by state, or any county, city, town, or other district, held not to indicate that Legislature treated tax as one for privilege of engaging in business of selling gasoline.

4.  Licenses.—Inclusion of state in prohibition against levy of excise or license tax on gasoline in Acts 1924, c. 120, held but declaration of purpose, since one Legislature cannot prohibit another from levying tax.

FRANK E. DAUGHERTY, ex-Attorney General, CHAS. F. CREAL, ex-Assistant Attorney General, JAMES W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellant.

H. B. MACKOY, C. C. GRASSHAM, W. A. BERRY, ROBERT T. BURKE, BROWNING & REED and C. C. TURNER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Kentucky Independent Oil Company, brought this action in the Franklin circuit court against the auditor of public accounts of the commonwealth of Kentucky seeking a writ of mandamus requiring the au-

ditor to draw his warrant upon the state treasurer in favor of the plaintiff company for the sum of $36,851.64 alleged to have been paid by it as a tax under chapter 120, Acts of the General Assembly of 1924, and known as the Gasoline Tax Act.

It is alleged in the petition that the company paid to the state of Kentucky a corporation license tax under the provisions of section 4189a et seq., Kentucky Statutes, and that this corporation license tax was for the privilege of transacting business within the state of Kentucky for the year 1924. It is further alleged in the petition that after the payment of the corporation license tax by plaintiff, the Legislature passed an act known as the three-cent gasoline tax act, which became effective on June 18, 1924, and that thereafter the plaintiff paid to the state $36,581.64 for its sales of gasoline between June 18, 1924, and December 31, 1924, inclusive.

The auditor of public accounts filed an answer, in the first paragraph of which it is admitted that plaintiff paid the corporation license tax required by section 4189a et seq., Kentucky Statutes, but alleged that this tax, while paid in 1924, was for the privilege of transacting business during the year 1923. In paragraph 2 of the answer it is admitted that the plaintiff paid the amount claimed by it during the year 1924 under the Gasoline Tax Act, but it alleged that such tax was not paid by the plaintiff, but was by it exacted and collected from divers and various retail dealers to whom it sold and distributed gasoline, and on each sale made by the plaintiff during the year 1924 and after the act in question became a law, it in each instance charged the retailer or other person to whom it sold gasoline the regular wholesale market price, including a substantial profit, and, in addition thereto, collected from such retail dealer or other person the three-cent tax on each gallon of gasoline so sold. In paragraph 3 of the answer it is alleged that, the corporation having failed to assert its rights when it paid the tax and having added such amount to the sale price of its gasoline to reimburse it for such sums as it might have paid as taxes, it is now estopped to claim a refund thereof.

A demurrer to the petition was filed, but without passing on the demurrer the court sustained plaintiff's demurrer to the first, second and third paragraphs of the answer and awarded judgment for the plaintiff directing the auditor to issue his warrant, as provided by sec-

tion 162 of the Kentucky Statutes, upon the treasurer for the sum demanded.

In view of our conclusion that the demurrer to the petition should have been sustained, it is unnecessary to consider the defenses set up in the answer or to discuss or determine the ethics of appellee's position.

It is admitted that appellee in 1924 paid the tax imposed on corporations by section 4189a et seq., Kentucky Statutes, and the appellee claims that, this tax having been paid for the privilege of doing business during the year 1924, under the ruling of Greene, Auditor, v. Frankfort Distillery Co., 209 Ky. 427, 273 S. W. 28, no other license tax could be imposed upon it during the remainder of the year, as such additional tax would constitute double taxation because it would mean collecting a tax twice for the same purpose in the same year. The tax imposed under section 4189a et seq. is not laid upon the occupation in which the corporation may be engaged, but it is laid upon the privilege of carrying on business in corporate form, and by the terms of the act all corporations which under existing laws are liable to pay a franchise or license tax are exempted from the annual corporation license tax. In Greene, Auditor, v. Frankfort Distillery Co., supra, in construing section 4214a1, Kentucky Statutes, which provides that every corporation, association, company, copartnership, or individual engaged in the business or occupation of manufacturing distilled spirits and every owner or proprietor of a bonded warehouse in this state in which such spirits are stored shall pay a license tax of two cents on every proof gallon of such distilled spirits which is liable for tax to the federal government, this court assuming, as did the parties that the tax was a license tax within the meaning of section 4189a, and that, therefore, a corporation could not be required to pay both taxes, held that section 4189a was prospective and not retroactive, and the Frankfort Distillery Company, having paid the corporation license tax for the privilege of doing business in the state during the year 1917, could not be required to pay another license tax for the same privilege under section 4214a1.

Section 4223c1 was similarly construed in Craig, Auditor, v. Security Producing & Refining Co., 189 Ky. 565, 225 S. W. 729. Section 4223c1, being the Act of March 29, 1918 (chapter 122, Acts 1918, p. 540), as stated in its title, is an amendment and re-enactment of the Act of May 2, 1917 (chapter 9, Acts 1917, p. 40), which re-

quired every person, firm, corporation, or association producing crude pretroleum in this state to pay annually, in lieu of all other taxes on the wells producing such crude petroleum, a tax equal to one per centum of the market value of all crude petroleum so produced "for the right or privilege of engaging in such business in this state." In Raydure v. Board of Supervisors, 183 Ky. 84, 209 S. W. 19, it was held that the oil production tax is a license tax and not a property tax. The Attorney General vigorously insists that the conclusions reached in the Frankfort Distillery Co. case are unsound and the case should be overruled but, as to the correctness of the assumptions and conclusions in that and the Security Producing & Refining Co. case we need not inquire, since the act of 1924, known as the Gasoline Tax Act, is to be distinguished from the whisky tax act and the oil production tax act. Section 1 of chapter 120, Acts of 1924, reads as follows:

"That the word 'gasoline,' as used in this act, shall include all liquid fuels, including liquids ordinarily, practically and commercially usable in internal combustion engines for the generation of power and all distillates of, and condensates from petroleum, natural gas, coal, coal tar, vegetable ferments, and all other products, so usable and sold in this commonwealth at wholesale as the words 'at wholesale' are defined herein; provided, the term 'liquid fuels' shall include kerosene, fuel oil and crude oil only when used as a motor vehicle fuel upon any public highway. A state tax of three (3c) cents per gallon is hereby imposed on all gasoline, as defined herein, sold in this commonwealth at wholesale, as the words 'at wholesale' are hereinafter defined. No other excise or license tax shall be levied or assessed on gasoline by the state or any county, city, town or other district. The tax hereby provided for shall be paid by the person, firm, association or corporation so selling gasoline, and shall be paid by said person, firm, association or corporation into the general fund of the state treasury in the manner and within the time hereinafter specified. The words 'at wholesale,' as used in this act, shall be held and construed to mean and include any and all sales made for the purpose of resale or distribution or for use, and, as well, the gasoline furnished or supplied for distribution within this state, whether the distributor be the

same person who so furnished the same, his agent or employer or another person; and also to mean and include any person who shall purchase or obtain such gasoline without the state and sell or distribute or use the same within the state. Provided, that nothing herein contained shall be construed as authorizing or requiring the collection of such tax upon any gasoline after the same shall have been already once taxed under the provisions of this act.''

Section 2 provides that all taxes collected under the provisions of the act shall be paid into the state treasury and used only for the purpose of construction, reconstruction, maintenance, and repair of roads and highways. Other sections define the duties and powers of the state tax commission and provide the means of administering the act.

The tax levied by this act is an excise. State Tax Commission v. Hughes Drug Co., 219 Ky. 432, 293 S. W. 944; Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; Altitude Oil Co. v. People, 70 Colo. 452, 202 P. 180; Gafill v. Bracken, 195 Ind. 551, 145 N. E. 312, 146 N. E. 109. In State Tax Commission v. Hughes Drug Co., supra, we quoted with approval the following from 26 R. C. L. p. 34:

"Excises, in their original sense, were something cut off from the price paid on a sale of goods, as a contribution to the support of the government.''

A license tax or tax for the privilege of doing business is sometimes referred to as an excise, as are all forms of taxation which are not burdens laid directly upon persons or property. The three-cent tax on gasoline imposed by the 1924 act, however, is an excise in the original and limited sense, being ''something cut off from the price paid on a sale of goods, as a contribution to the support of the government.'' A careful reading of the act convinces us that the tax imposed was not intended as a license tax or a tax for the privilege of engaging in the business of selling gasoline in this state. It applies not only to sellers of gasoline but to users where the gasoline has not been sold in this state. On the other hand it does not apply to all sellers but only to the first seller as it provides that the article can be excised but once. What is taxed is the thing itself as an article of consumption and the tax is an excise on consumption or use and

not on the act of selling. It was necessarily contemplated by the framers of the act that the ultimate consumer would pay the tax. That it is imposed only upon the dealer who makes the first sale, not upon those who may make subsequent sales, or, if no sale is made, upon the user, is consistent with the nature of the tax and the purpose to distribute its burden among those who ultimately consume the product. It is not contemplated by the act that the first sellers shall, in practical effect, be burdened with this tax, except possibly the insignificant burden that is put upon them to see that the tax reaches, through them, the state treasury.

It necessarily follows that the gasoline tax does not constitute double taxation as to appellee in the sense that it is an additional tax imposed upon the same property, in the same year, and for the same purpose as the corporation license tax. And it is immaterial whether the tax under section 4189a is denominated a license tax or an excise.

The tax under consideration is in its essence a tax upon consumption or upon the privilege of using, and is not a tax for the privilege of selling. Metropolis Ferry Co. v. Commonwealth, 225 Ky. 45, 7 S. W. (2d) 506, decided June 8, 1928. The distinction between an excise tax on the use of a thing and a direct tax upon the thing itself is, of course, fundamental, and a license tax for the privilege of engaging in a particular business is essentially different from each of these forms of taxation. Under section 181 of our Constitution:

> "The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax."

Under this section the Legislature, in addition to the ad valorem tax provided for by section 171, may provide that a license tax shall be paid by any person, firm, or corporation for the privilege of engaging in a specified occupation, and also an excise on the consumption or use of articles sold by such person, firm or corporation. The fact that the seller is required to collect and account for the last-named tax does not alter its character or convert it into a license tax.

It is suggested that the General Assembly, in view of the fact that corporate wholesalers of gasoline had

paid the corporation license tax for the year 1924 before the gasoline tax act was passed incorporated the following provision in the act of 1924 with the purpose to avoid the charge of "double taxation":

> "No other excise or license tax shall be levied or assessed on gasoline by the State or any county, city, town or other district."

It is claimed that the above-quoted provision of the act indicates the Legislature treated the tax as one for the privilege of engaging in the business of selling gasoline, and was inserted in the act to make it conform to the rulings of this court and to render it clear that its provisions should not be enforceable against any corporate wholesaler during the year 1924 that had theretofore paid a corporation license tax for that year. We are unable to concur with counsel for appellee in such an interpretation of the provision referred to. It was plainly the intention of the Legislature by this provision to prevent the confusion that would arise by reason of various municipalities attempting to levy a similar tax and there is nothing in this or any other provision of the act tending to indicate that the Legislature treated the tax as a license tax for the privilege of selling the article named. It is true the state was included in the prohibition, but this was only a declaration of purpose, since one legislature cannot prohibit another from levying a tax.

For the reasons indicated, the judgment is reversed, with directions to sustain the demurrer to the petition.

The whole court sitting.