**C. C. C. COAL COMPANY, INC., et al., Appellants,**

v.

**PIKE COUNTY, Kentucky, et al., Appellees.**

Supreme Court of Kentucky.

April 16, 1976.

John M. Stephens, Donald Combs, Stephens, Combs & Page, William J. Baird, Charles J. Baird, Baird & Baird, Henry D. Stratton, Stratton, May & Hays, Garred O. Cline, Lowe, Lowe & Stamper, James B. Todd, Pikeville, Joseph J. Leary, Frankfort, Bennett Clark, Lexington, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

Dan Jack Combs, Pikeville, for appellees.

LUKOWSKY, Justice:

This is an appeal from a judgment of the Pike Circuit Court which determined that the coal tax imposed by ordinance of the Pike Fiscal Court passed constitutional muster. We reverse and remand.

The preamble to and purpose clause of the ordinance reveal that in an attempt to raise funds to maintain the roads and bridges of Pike County for the benefit of all its citizens the Pike Fiscal Court adopted an ordinance in which it sought to impose a franchise tax upon "the business of receiving and/or processing coal in Pike County, Kentucky", "the business of mining and removal of coal" and such an "extractive business enterprise". The heart of the ordinance is:

"Section V.

1. A. On and after December 1, 1974, *in addition to all other taxes imposed by law,* a franchise *tax is hereby levied on* every person, firm, or corporation engaged in the business of *receiving and/or processing coal at a fixed place of business within the county for distribution outside Pike County.* Said tax shall be computed at the rate of ten ($.10) cents per ton on all coal so received and/or processed."

The statutory foundation upon which the appellee, Fiscal Court, relies to establish its right to tax is the "Home Rule Act," KRS 67.083, which grants to all counties the authority to:

". . . *levy all taxes not in conflict with the constitution* and statutes *of this state* now or hereafter enacted, which the fiscal court shall deem requisite for the health, education, safety, welfare, and convenience of the inhabitants of the county . . . ."

Among other things, the appellants, coal producers in Pike County, contend that the tax imposed by Pike County violates Section 181 of the Constitution of the Commonwealth of Kentucky, which, unlike Gaul, for proper appreciation must be divided into four parts:

"(1) *The General Assembly* shall not impose taxes for the purpose of any county, city, town or other municipal corporation, but *may,* by general laws, *confer on the proper authorities thereof, respectively, the power to assess and collect such taxes.*

(2) *The General Assembly* may, by general laws only, *provide for the payment of* license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or *excise tax,* and

(3) *may,* by general laws, *delegate the power to counties,* towns, cities and other municipal corporations, *to impose and collect license fees* on stock used for breeding purposes, *on franchises, trades, occupations and professions,* and

(4) the General Assembly may, by general laws only, authorize cities or towns of any class to provide for taxation for municipal purposes on personal property, tangible and intangible, based on income, licenses or franchises, in lieu of an ad valorem tax thereon."

Since we have consistently held that the General Assembly cannot delegate to a subordinate unit of government the power to levy an excise tax (other than license fees) our job here is to determine whether the Pike County coal tax is a franchise or license tax or an excise tax. *City of Lexington v. Motel Developers, Inc.,* Ky., 465 S.W.2d 253 (1971). If it is either of the former it is valid. If it is the latter it is invalid.

The appellants have no governmental grant of a special privilege to engage in the extractive business enterprise of coal production. Therefore, they have no franchise and the Pike County coal tax cannot be a franchise tax.

The Pike County coal tax is not levied upon engaging in the extractive business enterprise of coal production. In this case, receiving and/or processing coal for distribution is not an independent trade, occupation or profession. It is but one of a series of events which occur in the business of production. Therefore, this is not a license tax laid upon a trade, occupation or profession. It is an attempt to levy a license tax on but a single aspect of a trade, occupation or profession.

The Pike County coal tax is levied upon the receiving and/or processing of coal at a fixed place of business within the county for distribution outside the county, which events are only *uses* made of coal in the business of production. What we have here is that inevitable complement to the sales tax, the use tax. Our cases place it beyond dispute that a use tax is an excise tax. *City of Lexington v. Motel Developers, Inc.,* supra; *City of Louisville v. Churchill Downs,* 267 Ky. 339, 102 S.W.2d 10 (1937); *Shanks v. Kentucky Independent Oil Co.,* 225 Ky. 303, 8 S.W.2d 383 (1929).

This exercise in forensic logic brings us to the following rationale:

1. The General Assembly cannot constitutionally delegate to subordinate units of government the authority to levy an excise tax.

2. The "Home Rule Act" cannot validly bestow such authority upon a subordinate unit of government.

3. The Pike County coal tax is a use tax.

4. A use tax is an excise tax.

5. The ordinance which imposes the Pike County coal tax is unconstitutional and void.

This view of the case relieves us of the burden of tilting with the other legal windmills conjured up by the parties.

The judgment is reversed and the cause is remanded to the Pike Circuit Court for the entry of a new judgment in conformity herewith.

All concur.