## Spillman, Clerk v. Kentucky Rock Asphalt Company.

(Decided March 22, 1921.)

### Appeal from Edmonson Circuit Court.

1. Taxation—Tax Upon Indebtedness Secured by Mortgage.—The tax of twenty cents on each one hundred dollars of indebtedness secured by mortgage on property in this state, which indebtedness does not mature within five years, operates upon the indebtedness created; and where the mortgage or deed of trust, although dated five years or more before the maturity of the indebtedness secured by it, shows on its face that it was intended to secure an indebtedness to be created in the future, and that such indebtedness neces-

sarily matured within five years from its creation, it is not embraced within the terms of the statute.

2. Taxation—Tax Upon Indebtedness Secured by Mortgage.—Under the provisions of the deed of trust in question no debt was created until the trustee authenticated and delivered certain notes referred to in the deed to the purchasers, and as that time was within five years of the date of maturity, the statute had no application, even though the notes on their face were dated so as to make them mature more than five years thereafter.

CHAS. I. DAWSON, Attorney General, W. P. HUGHES and B. T. ROUNDTREE for appellant.

LOGAN & McCOMBS and GORDON & LAURENT for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming:

Section 4019a, subsection 9, Ky. Stats., provides, in part: "A tax of twenty (20) cents is hereby imposed upon each one hundred dollars ($100.00) or fraction thereof of indebtedness which is, or may be, in any contingency secured by any mortgage of property in this state, which mortgage shall be lodged for record after this act goes into effect where the indebtedness does not mature within five years."

By mortgage or deed of trust dated the first of August, 1919, the Kentucky Rock Asphalt Company conveyed in trust to the Central Savings Bank and Trust Co., some properties owned by the Rock Asphalt Company in Kentucky to secure the payment of certain notes referred to in the deed of trust. This is an equitable action by the Rock Asphalt Company against appellant, the county clerk of Edmonson county, where the deed of trust was recorded and where the properties therein conveyed are situated, seeking to enjoin the clerk from exacting from it the 20 cent tax referred to in the statute quoted.

The lower court granted a perpetual injunction as prayed for, and the county clerk has appealed.

The plaintiff's petition alleges that, while the deed of trust and the notes therein secured are each dated August 1, 1919, none of them was executed until August 25, 1919, and a copy of the deed of trust is filed with the petition. The deed of trust shows on its face that while its date is August 1, 1919, it was not finally executed by all the parties thereto until August 21, 1919, and was not executed by any of them until August 18, 1919. It fur-

ther shows that it was executed to secure 270 notes, each to be dated August 1, 1919, payable August 1, 1924, and numbered consecutively; that the numbers from one to one hundred, inclusive, are to be for $100 each; those from 101 to 180, inclusive, for $500 each; those numbered 181 to 230, inclusive, for $1,000 each; and those numbered from 231 to 270, inclusive, for $5,000 each; and each of said notes was substantially in the following form, to-wit:

"$—— Five years after date, the undersigned promise to pay to Central Savings Bank & Trust Company, trustee, or bearer —— dollars with interest from date."

It is provided in the deed of trust that same is made for the equal and proportionate benefit of all present and future holders of the said notes without regard to the lien or time of actual issue, sale, negotiation or date of maturity, and that none of such notes shall become or be binding or obligatory, or entitled to any of the benefits of the security under the deed of trust, unless and until authenticated by the certificate thereon of the trustee, and that the said trustee, before certifying and delivering any note secured by the deed of trust, should credit thereon all interest accrued at the date of sale.

It is manifest throughout the deed of trust that the Rock Asphalt Co. desired through the trustee named therein to negotiate a loan by the execution of notes of different amounts to be sold or put upon the market by the trustee in the future. It is clearly contemplated as shown throughout the instrument that the indebtedness secured by it was to be thereafter created by the act of the trustee in selling or negotiating the notes, and it was specifically provided that no one of the notes should become a valid obligation against the Rock Asphalt Company until certified to by the trustee. The provision in the deed of trust that the notes sold or negotiated by the trustee, although dated August 1, 1919, were to be credited by the trustee with the accrued interest thereon as of the date of the actual sale of the particular note, seems to make it conclusive that a future indebtedness was contemplated.

Although the deed of trust and the notes were dated on the first day of August, 1919, it was in contemplation of the parties that the deed of trust was to secure an indebtedness to be created in the future by the act of the trustee in certifying or approving certain notes of the

Rock Asphalt Company theretofore executed by it to the trustee.

The deed of trust could not have become effective before the 21st day of August when it was finally executed, and the trustee could not therefore have approved any of the notes referred to therein before that date, and it must be apparent that no indebtedness was created or could have been created under the terms of the deed of trust until after it became effective; and as under the terms of the statute the tax is upon indebtedness which "does not mature within five years," it is evident that no indebtedness was created under the terms of this deed of trust which did not mature within that time, although the deed of trust itself and the notes which were subsequently negotiated—if indeed any of them ever have been—could not be the subject of this tax whatever method of computation as to time might be adopted. From the very terms of the statute it applies only to indebtedness secured by mortgage, which indebtedness does not mature within five years; in other words, it is the indebtedness which does not so mature upon which the tax operates. Here there was no debt created until the notes were authenticated by the trustee and sold and delivered by it to the purchasers, and that could not have been done till the 21st of August, 1919, and therefore they all matured within five years. The fact that a mortgage or deed of trust is made as of a certain date does not create an indebtedness as of that date if it shows on its face that it is intended to secure an indebtedness to be created in the future. It is not an uncommon thing in the commercial world for deeds of trust of this nature to be executed to secure future indebtedness.

Judgment affirmed.