## Kelley v. New York Life Insurance Company.

(Decided April 25, 1924.)

### Appeal from Warren Circuit Court.

Taxation—Principal and Not Interest Taxed Under Statute.—Under Kentucky Statutes, section 4019a-9, providing a tax on any indebtedness which is or may be in any contingency secured by any mortgage of property, taxes are to be calculated upon the actual sum loaned and not upon the principal plus interest.

ALEX M. CHANEY for appellant.

P. E. DIXON and R. E. LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

A citizen of Warren county obtained a loan of $3,000.00 from the New York Life Insurance Company, and secured it by mortgage on real estate in that county. It was to run for thirty-five (35) years, payable in yearly installments with interest, being what is commonly known and called the *amortization plan*, a number of notes being given, each combining interest with a part of the principal. When the mortgage was presented by the insurance company to the clerk of the Warren county court for record, the clerk estimated the amount of interest contracted to be paid on the loan through the entire period and added the same to the principal, making a total of $6,413.14, and demanded a tax of twenty (20c) cents on the $100, under section 4019a-9, Kentucky Statutes, upon the entire sum. The statute provides:

> "A tax of twenty cents (20c) is hereby imposed upon each one hundred dollars ($100) or fraction thereof of indebtedness which is, or may be, in any contingency secured by any mortgage of property in this state, which mortgage shall be lodged for record after this act goes into effect where the indebtedness does not mature within five years."

The tax is imposed upon each $100.00 or fraction thereof of indebtedness secured by mortgage of property in this state. The amount of the debt secured by mortgage in this case is $3,000.00. At the time the mortgage was presented for record the mortgagor owed the mortgagee only that sum plus a very small amount of interest.

The fact that the mortgage drew interest which the mortgagee would have to pay did not change the principal sum. The general assembly in passing the act did not contemplate that the tax of twenty cents on the $100.00 of mortgaged indebtedness should be paid upon the interest, the principal loan being subject to this, that being the whole sum due at the time the indebtedness is incurred. The interest is earned after the debt is incurred and the mortgage made. Indeed it may never be incurred, depending upon the agreement of the parties. Of course no subterfuge would be allowed to protect the mortgage from this tax. But where the actual sum loaned is fixed in the mortgage the taxes will be calculated upon that sum alone and not upon the principal plus the interest. Greene, Auditor v. Federal Coal Company, 184 Ky. 664; Spillman, Clerk v. Ky. Rock Asphalt Company, 191 Ky. 72; Middendorf, Clerk v. Goodale, Trustee, 202 Ky. 118.

For the reasons indicated the judgment of the lower court holding that the clerk was only entitled to collect a tax of twenty-cents on the $100.00 upon the $3,000.00, the principal sum, is affirmed.

Judgment affirmed.